**Saskia HESSLER, Individually and as Executrix of the Estate of Paul Hessler, deceased, Plaintiff,**

v.

**ARMSTRONG WORLD INDUSTRIES, INC., et al., Defendants.**

Civ. A. No. 88–139.

United States District Court, D. Delaware.

April 7, 1988.

---

Robert Jacobs of Jacobs & Crumplar, P.A., Wilmington, Del., for plaintiff.

C. Scott Reese of Cooch & Taylor, Wilmington, Del., for defendant Raymark Industries, Inc.

Michael Weiss of Kimmel, Spiller, & Weiss, Wilmington, Del., for defendant Metropolitan Life Ins. Co.

## MEMORANDUM OPINION

ROTH, District Judge.

This is an asbestos action, originally filed in Delaware Superior Court by Paul Hessler, now deceased, and his wife to recover damages incurred by Mr. Hessler having been stricken with asbestosis. The Hesslers are citizens of Delaware. When the action was first filed, some of the defendants were citizens of Delaware. Now, however, all but two defendants, Raymark Industries, Inc. (Raymark) and Metropolitan Life Insurance Company (Metropolitan), have settled. These two remaining defendants are foreign corporations. On March 8, 1988, Raymark and Metropolitan filed a petition for removal to this Court on the ground that diversity of citizenship now exists.

Plaintiffs have filed a motion for remand on the basis that defendants' removal petition was not timely filed under 28 U.S.C. § 1446(b) second paragraph. This subsection provides:

> If a case stated by the initial pleading is not removable, a petition for removal may be filed *within thirty days after the receipt by the defendants*, through service or otherwise, of a copy of the amended pleading, motion order *or other paper from which it may be first ascertained that the case is one which is or has become removable.*

(emphasis added).

The debate here is whether and when defendants received an "other paper" which notified them that the non-diverse defendants had settled and that the case had become removable.

Defendants in the original action, other than Raymark and Metropolitan, were known as the "Wellington" defendants or the "Asbestos Claims Facility" defendants. The Wellington group, as noted above, included non-diverse defendants. Plaintiffs represent that the Wellington group settled on October 21, 1987. On the very date of

settlement, as plaintiffs point out, a letter was mailed from Robert Anderson, attorney for the Asbestos Claims Facility defendants, to all defense counsel. This letter stated in relevant part: "The Asbestos Claims Facility Defendants have settled the five malignancy claims on for trial in January, 1988.... The remaining defendants in these cases should quickly select a medical coordinator and I will transfer all medical materials to him or her." Anderson references the Hessler case in the heading of this letter.

The next day, October 22, 1987, there was a general asbestos scheduling conference in the Delaware Superior Court before Judge Clarence W. Taylor. The attorneys for the various defendants in all the Superior Court asbestos cases attended. This included the attorneys for Raymark and Metropolitan. At that meeting the scheduling of trials in the various asbestos cases was discussed. Robert Jacobs, attorney for the asbestos plaintiffs, including the Hesslers, stated to the court at that conference: "It appears now that Wellington— and we have settled more than one Wellington out, more than just the George case. They are out in the Clark, Johnson, Davis, Hubert [sic] and Hessler cases as well." [1] Later, during that same conference, Robert B. Anderson, attorney for the Wellington/Asbestos Claims Facility defendants, stated: "In January we had set five [cases for trial] that the Wellington Companies have settled: That's Huber, Kessler [sic], Clark, Jacob Johnson, and Harry B. Davis." To this statement, Jacobs immediately replied: "Right." [2]

On December 3, 1987, there was a further letter from Anderson to the other asbestos defense counsel, in which he wrote:

The Asbestos Claims Facility defendants have settled the claims in these cases. The following firms will act as medical coordinators:

*Cooch & Taylor*
Charles Clark
Charles Huber
*Goldfein & Joseph*

Jacob Johnson
Harry B. Davis
*Kimmel, Spiller & Weiss*
Paul Hessler

It is clear from these letters and from the statements of Jacobs and Anderson before Judge Taylor that the non-diverse defendants had settled, that counsel for Raymark and Metropolitan were aware of this, and that Jacobs had acknowledged to the Court that plaintiffs had settled with the non-diverse defendants. All of this occurred more than three months before the Petition to Remove was filed on March 8, 1988.

Defendants counter that notice of the Wellington settlement did not occur for purposes of 1446(b) until February 25, 1988 when counsel for the plaintiff wrote to Judge Taylor regarding the Wellington settlement. The letter to Judge Taylor begins: "As you were formally told on Tuesday, February 23, 1988 and as all remaining defendants were told last week, we have settled the above cases [including Hessler] with the Wellington defendants."

Defendants insist that "[t]he universal theme which emerges from [1446(b) cases] is that the right to remove does not arise until the plaintiff has voluntarily undertaken an unequivocal and irrevocable step with regard to terminating litigation against the non-diverse defendants which is brought to the attention of the state court in an unambiguous manner." We find that this assertion is not entirely consistent with the language of the second paragraph of § 1446(b). The statute refers to "receipt by the defendant" of notification. No mention is made of receipt by the state court of notification. No mention is made of receipt by the state court of notification. Also by providing that notice may be given via "other paper," the language itself suggests that informal notice is sufficient. *See* 14A Wright, Miller & Cooper, *Federal Practice & Procedure*, § 732 (clear purpose of § 1446(b) "is to commence running of the thirty-day period once the defendant re-

---

**1.** Transcript, Oct. 22, 1987, p. 28.

**2.** Transcript, Oct. 22, 1987, p. 32.

ceives actual notice that the case has become removable, which may be communicated in a formal or informal manner.)

Case law also contradicts the argument that notice of the event creating the right to remove begins by giving notice to the court. For example, discovery documents which demonstrated that the amount in controversy exceeded $10,000 constituted "other papers" from which defendant should have ascertained that the case was removable. *Lee v. Altamil Corp.*, 457 F.Supp. 979 (M.D.Fla.1978). Further, in cases involving settlement with non-diverse defendants, formal dismissal is not a prerequisite for removability. *See Lesher v. Andreozzi*, 647 F.Supp. 920, 921 (M.D.Pa. 1986); *Erdey v. American Honda Co., Inc.*, 96 F.R.D. 593 (M.D.La.), *modified*, 558 F.Supp. 105 (M.D.La.1983). It follows that formal dismissal is not required to provide adequate notice under 1446(b).

We find, therefore, that defendants here had received adequate notice, both by letters and by statements made in the Superior Court, to determine in October, 1987, and further in December, 1987, that the requisites of removability were present. *See First National Bank In Little Rock v. Johnson & Johnson*, 455 F.Supp. 361, 362 n. 1 (E.D.Ark.1978). Accordingly, defendants' petition for removal was not timely filed. Plaintiff's Motion to Remand will be granted.