**Sean and Yvonne BRODERICK**

v.

**Gene DELLASANDRO.**

**Civ. A. No. 94–3484.**

United States District Court,
E.D. Pennsylvania,
Civil Division.

July 25, 1994.

*MEMORANDUM*

BARTLE, District Judge.

We face a motion to remand this diversity action to the Court of Common Pleas of Philadelphia County. Plaintiffs contend that the defendant failed to remove the case to this court within the thirty day time limit provided in 28 U.S.C. § 1446(b). Our decision depends on what Congress meant by the words "other paper" in the procedure it has established for removal.

This action arises out of an automobile accident which occurred on July 23, 1992 in Philadelphia. At the time of the accident, all parties were residents of the State of New Jersey. In November, 1993, plaintiffs moved to Pennsylvania. The state court complaint, prepared prior to plaintiffs' move, but not filed and served until December, 1993, alleged that plaintiffs and defendant all resided in New Jersey.

After plaintiffs' move to Pennsylvania, a telephone conversation between plaintiffs' counsel and defendant's counsel's office took place, in which the issue of plaintiffs' residency arose. Thereafter, defendant's counsel mailed to plaintiffs' counsel a letter which requested, "Kindly advise us of [plaintiffs' new] address as soon as possible." Plaintiffs' attorney responded by a letter dated April 13, 1994. He wrote, "The plaintiffs have been residents of Philadelphia, PA, since the end of November 1993." Defendant's counsel concedes he received this correspondence.

■ More than a month later, on May 16, 1994, defendant's counsel received plaintiffs' answers to interrogatories, in which plaintiffs identified their address as 2531 S. Reese Street, Philadelphia, Pennsylvania. It was not until June 7, 1994 that defendant filed a Notice of Removal to the United States District Court for the Eastern District of Pennsylvania.[1]

Parl Mark Perlstein, Philadelphia, PA, for plaintiffs.

Michael P. O'Connor, Philadelphia, PA, for defendant.

---

1. We note that neither the April 13 letter, nor the plaintiffs' responses to defendant's interrogatories, actually state that plaintiffs are citizens of Pennsylvania. The letter merely provides plaintiffs' residence and the discovery response gives their "present address." It is well settled that residence is not synonymous with citizenship for purposes of diversity. *Whitelock v. Leatherman*, 460 F.2d 507 (10th Cir.1972). However, residence is prima facie evidence of citizenship. *See*

*State Farm Mutual Automobile Insurance Company v. Dyer*, 19 F.3d 514, 520 (10th Cir.1994); *Krasnov v. Dinan*, 465 F.2d 1298, 1301 (3d Cir. 1972). Furthermore, an allegation in a complaint that plaintiff and defendant are residents of different states is sufficient notice of diversity to begin the running of the thirty day removal period under § 1446(b). *See, e.g., Blow v. Liberty Travel, Inc.*, 550 F.Supp. 375, 376–77 (E.D.Pa. 1982).

28 U.S.C. § 1446(b) provides, in relevant part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper from which it may first be ascertained that the case is one which is or has become removable.* (emphasis added)

The complaint, as initially filed, did not allege diversity of citizenship. All parties were identified as residents of New Jersey. The question before us is at what later point defendant's counsel received an "other paper" indicating diversity—when he received the April 13, 1994 letter or when he received the answers to interrogatories on May 16, 1994. If the former, the case must be remanded as beyond the thirty day removal period. If the latter, the removal was timely.

Plaintiffs argue, not surprisingly, that the time began to run when defense counsel received plaintiffs' counsel's April 13 letter. In that letter, plaintiffs' counsel responded to defense counsel's specific, written inquiry regarding plaintiffs' residency.[2] Plaintiffs claim that the April 13 letter constituted an "other paper" within the language of 28 U.S.C. § 1446(b). In contrast, defendant contends that the letter from plaintiffs' counsel did not satisfy the statutory "other paper" requirement. According to the defendant, the "mere correspondence" of an attorney is not sufficient notice under the removal statute. *See Bonnell v. Seaboard Air Line R.R.,* 202 F.Supp. 53, 55 (N.D.Fla.1962). *See also Sfirakis v. Allstate Insurance Company,* Civ.A. No. 91–3092, 1991 WL 147482 (E.D.Pa., July 24, 1991). Instead, defendant argues that notice must be given by a more formal document which is an integral part of the state court proceeding. In this case, under defendant's analysis, only plaintiffs' formal answers to defendant's interrogatories would constitute the "other paper" that started the clock ticking.

28 U.S.C. § 1446(b) does not define "other paper." We have found no relevant legislative history. The statute, however, is clear that the time for removal begins to run when the defendant receives the requisite written notice of facts which make the case removable. The statutory requirement of a writing reduces disputes over knowledge of diversity or the amount in controversy and helps avoid later battles of credibility between opposing parties and lawyers. *See Smith v. Bally's Holiday,* 843 F.Supp. 1451 (N.D.Ga.1994). Although notice must be in writing, the statute does not require "service" of that notice in some formal, legal sense. Notification may be "through service *or otherwise.*" 28 U.S.C. § 1446(b) (emphasis added). Thus, while Congress insisted that the notice of facts permitting removal must be in an "amended pleading, motion, order or other paper," the method of delivery or receipt of the writing was not circumscribed. *See* 28 U.S.C. § 1446(b). In sum, the purpose of the statute "is to commence the running of the thirty day period once the defendant receives actual notice that the case has become removable, *which may be communicated in a formal or informal manner.*" 14A Wright, Miller & Cooper, *Federal Practice & Procedure,* § 3732, at 520 (emphasis added). *See also* 28 U.S.C. § 1446, Commentary on 1988 Revision of § 1446.

Courts have found that answers to interrogatories in discovery proceedings satisfy the "other paper" requirement and give defendants sufficient notice to file a notice of removal. *See Hessler v. Armstrong World Industries, Inc.,* 684 F.Supp. 393 (D.Del. 1988) (citing *Lee v. Altamil Corp.,* 457 F.Supp. 979 (M.D.Fla.1978)). Some courts have even gone so far as to state that oral statements in deposition testimony, apparently even before the deposition was transcribed, may trigger the running of the thirty day removal period. *See, e.g., Fuqua v. Gulf, Colo. & S. Ry.,* 206 F.Supp. 814, 815 (E.D.Okla.1962). *Cf. Smith,* 843 F.Supp. at 1454–55.

---

2. The record does not establish exactly when defendant's counsel received plaintiffs' counsel's April 13 letter. However, defendant's counsel does not contest that it was received more than 30 days before June 7, 1994.

Still further, one court has held that a post-complaint demand letter from a plaintiff's attorney can reveal sufficient facts as to the jurisdictional amount, under 28 U.S.C. § 1332(a), from which the defendant can ascertain that the case is removable. *See White v. Gould*, Civ.A. No. 91–6531, 1992 WL 7032, at *2 (E.D.Pa., Jan. 9, 1992). In *White*, the state court complaint simply alleged damages "in excess of $25,000." The court held that it was properly removed after plaintiff's counsel sent a letter making a more specific demand of $100,000.

Similarly, in *Hessler*, District Judge Jane Roth—now Circuit Court Judge Roth—adjudged attorneys' correspondence as a permissible "other paper" under the removal statute. In that case, the parties were notified via letter from counsel that the non-diverse parties to the suit had settled. The remaining defendants, however, did not file a petition to remove until more than three months later. They argued that the thirty day time limit had not begun to run until the court had formally received notice that the non-diverse defendants had settled. The *Hessler* court found that defendants' petition for removal was untimely. *Hessler*, 684 F.Supp. at 395. The court reasoned that because the earlier correspondence among the attorneys had given the defendants adequate notice that the case had become removable, that correspondence—not the subsequent notification of the court—constituted an "other paper" for § 1446(b) removal purposes. *Id.* at 394–95.

Other courts, however, have taken a more restrictive view. One line of cases is exemplified by *Bonnell*, which broadly stated that "mere correspondence between counsel for plaintiffs and defendant is not sufficient to bring plaintiffs' correspondence into the definition of 'other paper.'" *Bonnell*, 202 F.Supp. at 55. There, the state court complaint sought "in excess of $500." The court held that a settlement demand letter seeking in excess of the jurisdictional amount was not sufficient to start the running of the removal period. In another case, *Gilardi v. Atchison, T. & S. Ry.*, 189 F.Supp. 82 (N.D.Ill.1960), the court was faced with whether an unfiled deposition fit the definition of an "other pa-

per." While the court held that it did, it emphasized that "other paper" meant one that is part and parcel of the state court proceedings. *Id.* at 85. *See also Putterman v. Daveler*, 169 F.Supp. 125, 129 (D.Del.1958).

The *Sfirakis* case similarly concluded that the attorney's correspondence under the facts presented was outside the purview of "other paper" in 28 U.S.C. § 1446(b). In contrast to *White*, the state court complaint in that case demanded judgment *not* to exceed $20,000—an amount under the federal jurisdictional limit. Because of the amount in issue, it was subject to compulsory arbitration under Rule 1021 of the Pennsylvania Rules of Civil Procedure and Court of Common Pleas of Philadelphia County Rule 1301. In a subsequent letter to defendant's counsel, plaintiff's attorney informed defendant's counsel that his settlement demand had risen some fifteen fold to $300,000, a figure far in excess of the threshold federal jurisdictional amount. Defendants thereupon removed the case to federal court. The district court, however, remanded. The court held that the contested correspondence between counsel did not constitute an "other paper" because it was "nothing more than posturing by counsel seeking to stake out a position for settlement purposes." *Sfirakis*, 1991 WL 147482, at *3. A post-complaint letter in which the plaintiff demands a higher settlement amount, the court wrote, "cannot override the unamended verified complaint." *Id.* at *3.

■ We find unpersuasive those cases which would exclude attorney correspondence under all circumstances from the definition of "other paper" in 28 U.S.C. § 1446(b). We see nothing in the language of the statute to compel such a narrow reading. Attorneys are officers of the court and have an ethical obligation to be honest with their adversaries' inquiries about the facts of the case, be they on matters of jurisdiction or on the merits. *See, e.g.,* Pa.Rules of Professional Conduct Rule 3.4 (1994). Moreover, in *Sfirakis*, at least, it appears that the content and nature of the correspondence was fundamentally different than that in the case at hand. Here there was no "posturing." Defendant's attorney submitted to plaintiffs' attorney a written request to verify plaintiffs'

residency—a fact of significant jurisdictional import. In direct response thereto, plaintiffs' counsel notified defendant's attorney that his clients had resided in Pennsylvania since November, 1993. Plaintiffs' counsel further advised defendant's attorney to "[g]overn [his] actions accordingly." Indeed, the nature and form of defense counsel's request, and the subsequent response from plaintiffs' counsel, were akin to the exchange of information that characterizes formal discovery proceedings.

Defendant's counsel, on or about April 13, 1994, received actual notice by "other paper" of facts supporting the removability of the action and failed to remove the action until June 7, 1994. Since more than thirty days elapsed between these events, the removal was untimely. *See* 28 U.S.C. § 1446(b). Accordingly, this action will be remanded to the Court of Common Pleas of Philadelphia County.