Christine CABIBBO, Plaintiff,

v.

**EINSTEIN/NOAH BAGEL PARTNERS, L.P., t/a Einstein Brothers, Defendant.**

**No. Civ.A. 01–1625.**

United States District Court, E.D. Pennsylvania.

Jan. 18, 2002.

---

Larry Bendesky, Saltz, Mongeluzzi, Barrett & Bendesky, P.C., Jeffrey H. Penneys, Clearfield and Feinman, Philadelphia, PA, for plaintiff.

Joel Paul Fishbein, Bennett, Bricklin & Saltzburg, Philadelphia, PA, for defendant.

## OPINION

POLLAK, District Judge.

This is a personal injury suit by plaintiff Christine Cabibbo, a Pennsylvania domiciliary, against defendant Einstein/Noah Bagel Partners, L.P., t/a Einstein Brothers ("Einstein"), a limited partnership which is a citizen of Colorado with a principal place of business in Golden, Colorado. Before the court is Ms. Cabibbo's motion to remand pursuant to 28 U.S.C. § 1447(c). At issue is the timeliness of Einstein's notice of removal under 28 U.S.C. § 1446(b). Since the determination of timeliness under § 1446(b) in the instant case must be made according to the court's evaluation of certain discovery materials, and the parties have not submitted copies of those materials to the court, the parties are hereby directed jointly to file further submissions as detailed in the conclusion of this Memorandum.

## I. Factual and Procedural Background

Ms. Cabibbo filed her complaint in the Court of Common Pleas of Philadelphia County on December 29, 1999, alleging personal injuries resulting from spilled coffee which she had purchased from Einstein, and seeking damages not in excess of $50,000 plus interests and costs. Pl.'s Ex. A. The case was placed on the Court of Common Pleas' arbitration track. Einstein was served with the complaint and summons on January 4, 2000. Einstein served interrogatories on Ms. Cabibbo on January 24, 2000; she responded to these interrogatories on March 9, 2000.

On April 27, 2000, Einstein filed for voluntary bankruptcy in the United States Bankruptcy Court for the District of Arizona under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, whereupon Ms. Cabibbo's suit was stayed pursuant to 11 U.S.C. § 362(a). On September 12, 2000, the Bankruptcy Court approved a stipulation lifting the bankruptcy stay as to Ms. Cabibbo's suit to the extent that she could seek recovery solely from the insurance coverage, if any, available under Einstein's insurance policy with Wausau Insurance Company.

On March 12, 2001, Ms. Cabibbo filed with the Court of Common Pleas a petition for approval of the transfer of her case out of the arbitration track to management under the Court of Common Pleas' Day

Forward Program. The petition was unopposed by Einstein, and had the effect of elevating Ms. Cabibbo's suit to major case status. Her petition included the contention that the amount in controversy under the facts of her claim exceeded $50,000. Pl.'s Ex. D at ¶ 12. On April 3, 2001, Einstein filed its notice of removal to this court. Thirty days later, on May 3, 2001, Ms. Cabibbo filed the instant remand motion, in which she asserts that Einstein's notice of removal was time-barred under 28 U.S.C. § 1446(b). The remand motion includes an assertion that the amount in controversy exceeds $150,000. Pl.'s Mot. at ¶ 8.

## II. Discussion

28 U.S.C. § 1441(a) authorizes a defendant to remove to federal court "any civil action ... of which the district courts of the United States have original jurisdiction." The district courts have original jurisdiction over diversity actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). When Ms. Cabibbo commenced this litigation, in December of 1999, her suit was not removable, since the damages claimed were less than $50,000. But it is undisputed that there is now federal jurisdiction, given the parties' domiciles and the fact that Ms. Cabibbo has made it clear that the damages sought are in excess of $150,000. The question is whether Einstein's notice of removal was time-barred. The timeliness of a notice of removal pursuant to these provisions is governed by 28 U.S.C. § 1446(b), which states:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty

days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

In its filing of a removal notice, Einstein was constrained by the two limitations in the second paragraph of § 1446(b): first, the year-long period running from the commencement of the action; second, the thirty-day period running from its receipt of "an amended pleading, motion, order, or other paper" which indicated the amount in controversy requirement had indeed been met.

### A. The Year–Long Limitations Period

■ Einstein was in compliance with the year-long limitations period of § 1446(b). Ms. Cabibbo's action was commenced on December 29, 1999, giving Einstein until December 29, 2000 to file its notice of removal. However, Einstein's April 27, 2000 bankruptcy filing had the effect of staying Ms. Cabibbo's suit. 11 U.S.C. § 362(a). The stay was lifted on September 12, 2000—138 days after the bankruptcy filing. Einstein's year within which to remove was thereby extended from December 29, 2000 to May 16, 2001.

### B. The Thirty–Day Limitations Period

With respect to the thirty-day period, however, the information presented to the

court by the parties is inadequate to determine the timeliness of Einstein's notice. In measuring the thirty-day period, it is necessary to identify the "amended pleading, motion, order, or other paper" which started the clock ticking on Einstein's notice of removal. Ms. Cabibbo contends that the notice should have been filed by April 8, 2000—thirty days after Einstein's receipt, on March 9, 2000, of Ms. Cabibbo's answers to the interrogatories propounded by Einstein. In response, Einstein argues that the answers to the interrogatories did not convey information bearing on removability sufficient to trigger the thirty-day period; according to Einstein, the thirty-day period did not commence until its receipt of Ms. Cabibbo's petition to the Court of Common Pleas indicating that her case, which she then re-evaluated as worth in excess of $150,000, should be removed from the arbitration track. Ms. Cabibbo's petition seeking transfer of the case out of arbitration was received by Einstein on March 12, 2001. Accordingly, in Einstein's view, Einstein had until April 11, 2001, to seek removal, and hence the removal notice, filed on April 3, 2001, was timely.

Whether Einstein's position can be sustained turns on the answers to two questions: (1) Did Ms. Cabibbo's March 9, 2000 answers to interrogatories provide information about the amount in controversy sufficient to support a removal notice? (2) If so, did the answers to interrogatories constitute "other paper" for the purposes of § 1446(b)?

**(1) "Other paper"**

As to the second of these two inquiries, there is no governing authority in this circuit establishing whether answers to interrogatories—or discovery materials in general—are "other paper" for the purposes of measuring the timeliness of removal under the second paragraph

§ 1446(b). It is, however, instructive to note two characteristics of answers to the interrogatories—characteristics which have been significant to other courts in determining what constitutes "other paper": they are in writing; and, in most instances, they are not filed with the court concurrently with being sent to opposing counsel. By virtue of the former, the answers to the interrogatories do satisfy the requirement, generally imposed by federal courts, that an "other paper" consist of a written document. *See, e.g. Entrekin v. Fisher Scientific Inc.,* 146 F.Supp.2d 594, 612 (D.N.J.2001) (holding that oral communications, "made in an informal setting without any transcription or simultaneous reduction to written form about such a matter as settlement negotiations, are incapable of triggering the thirty-day limitation for removal").

The fact that the answers to the interrogatories are not the type of document routinely filed with a court, however, demands further contemplation. In *Foster v. Mutual Fire, Marine, and Inland Ins. Co.,* 986 F.2d 48 (3d Cir.1993), the Third Circuit considered what is required of an "initial pleading" in order for it to trigger the thirty-day period under the first paragraph of § 1446(b). The court held that "at a minimum anything considered a pleading must be something of the type filed with a court." *Id.* at 53 (quoting *Rowe v. Marder,* 750 F.Supp. 718, 721 n. 1 (W.D.Pa.1990)). The *Foster* court read a filing requirement only into the first paragraph of § 1446(b); it was not called upon to analyze the second paragraph. *See Liberty Mut. Ins. Co. v. Ward Trucking Corp.,* 48 F.3d 742, 756 n. 6 (3d Cir.1995) ("*Foster* resolved only the question of what constituted 'pleadings' and did not define 'other paper.' ").

In explicating the filing requirement, the *Foster* court relied on the reasoning of the

Western District of Pennsylvania in *Rowe. Foster*, 986 F.2d at 53. It therefore bears noting that *Rowe* was also concerned only with the first paragraph of § 1446(b), addressing the issue of whether a summons accompanied by a letter sufficed to constitute the "initial pleading" triggering the thirty-day period. The *Rowe* court's consideration of the letter was limited to two questions: first, whether the contents of the letter could function to elucidate the contents of the summons so as to render the latter an adequate "initial pleading," *see Rowe*, 750 F.Supp. at 721; and second, whether the letter itself could constitute an "initial pleading," *see id.* at 721 n. 2. *See also McBride v. Rey*, 1997 WL 416265 (E.D.Pa.1997) (finding that a praecipe, albeit accompanied by a letter from plaintiff outlining settlement terms, did not trigger thirty-day period under the first paragraph of § 1446(b)). The *Rowe* court did not consider whether or not the letter constituted an "other paper" under the second paragraph of § 1446(b).

Thus, the Third Circuit has not explicitly held "other paper" to a filing requirement. But at least one court within this circuit has extended the filing requirement of *Foster* to the second paragraph of § 1446(b). *See Textile Chemical Co. v. Aetna Cas. and Sur. Co.*, 1997 WL 537408 (E.D.Pa.1997); *see also Entrekin*, 146 F.Supp.2d at 611 (noting that second paragraph of § 1446(b) has prompted consideration by courts of "such conflicting issues [as] ... whether a document must be filed to be capable of qualifying as an 'other paper'"). Textile Chemical—the case extending the filing requirement to the second paragraph of § 1446(b)—resembled *Rowe* in that the purported "other paper" consisted of correspondence between the parties. *See Textile Chemical*, 1997 WL 537408 at *2 (finding that a letter from the plaintiff did not constitute "other paper" based on the *Foster-Rowe* filing require-

ment). However, other courts in this circuit have cast doubt on the propriety of reading a filing requirement into the second paragraph of § 1446(b) even when the documents in question are letters. *See Broderick v. Dellasandro*, 859 F.Supp. 176, 179 (E.D.Pa.1994) (finding unpersuasive "those cases which would exclude attorney correspondence under all circumstances from the definition of other paper"); *Hessler v. Armstrong World Industries*, Inc., 684 F.Supp. 393, 394–95 (D.Del.1988). With regard to documents more formal, or more integral to a case, than correspondence between parties, other courts in this circuit have likewise refused to extend *Foster's* filing requirement to the second paragraph of § 1446(b). *See, e.g., Vartanian v. Terzian*, 960 F.Supp. 58, 62 (D.N.J.1997) (statement of damages, although not filed with the court, constituted "other paper"); *Rahwar v. Nootz*, 863 F.Supp. 191, 192 (D.N.J.1994).

Indeed, other federal courts have found that the second paragraph of § 1446(b) embraces a variety of discovery materials. *See, e.g., S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir.1996) (transcript of plaintiff's deposition testimony); *Leboeuf v. Texaco*, 9 F.Supp.2d 661, 665 (E.D.La.1998) (answers to interrogatories); *Haber v. Chrysler Corp.*, 958 F.Supp. 321, 327 (E.D.Mich.1997) (plaintiff's deposition testimony); *Johnson v. Dillard Dept. Stores, Inc.*, 836 F.Supp. 390, 391 (N.D.Tex.1993) (responses to requests for admissions). *But see Mill–Bern Associates, Inc. v. Dallas Semiconductor Corp.*, 69 F.Supp.2d 240, 241–44 (D.Mass.1999) (holding that neither oral deposition nor the transcript of that testimony constitutes "other paper").

It is the view of this court that the definition of "other paper" under the second paragraph of § 1446(b) does comprehend answers to interrogatories. Merely because answers are not filed with the

court should not be taken to mean that they are insufficient to trigger the thirty-day period. It is tautological that "an amended pleading, motion, [or] order" would be filed with the court; that the statute also refers to "other paper" strongly suggests that less formal documents also suffice to signal removability. If by their content answers to interrogatories adequately set forth the basis of federal jurisdiction, and thereby put the defendant on notice that a suit is removable, they clearly serve the purpose for which the second paragraph of § 1446(b) is intended. *See* 14A Wright, Miller & Cooper, Federal Practice and Procedure § 3732 at 310 (noting that "the requisite notice may be communicated in either a formal or informal manner").

### (2) "Ascertaining" removal jurisdiction

█ The second question—whether Einstein could have ascertained from Ms. Cabibbo's answers to the interrogatories that the case was removable—currently defies resolution since this court has not been provided with copies of either the interrogatories themselves or Ms. Cabibbo's responses. The question of "ascertainability" goes to the content of the interrogatories and the answers thereto; it is an objective inquiry. In *Foster*, the Third Circuit held, in considering whether particular documents suffice to indicate to a defendant that a case is removable, that "the relevant test is not what the defendants purportedly knew, but what these documents said." *Id.*, 986 F.2d at 54; *see also Carroll v. United Air Lines, Inc.*, 7 F.Supp.2d 516, 521 (D.N.J.1998) ("[T]he thirty-day period begins to run when a defendant can reasonably and intelligently conclude from the pleadings that the amount in controversy exceeds the jurisdictional minimum."); *Mill–Bern*, 69 F.Supp.2d at 241 ("[D]efendants must show ... that the content of the deposition made the case removable.").

The court is thus called upon to make a textual analysis of the interrogatories and Ms. Cabibbo's responses. Although both parties have offered secondary characterizations of the nature and content of the interrogatories, neither party has presented to the court the texts of the pertinent interrogatories and responses. In the absence of the interrogatories and answers themselves such characterizations are an inadequate basis for ruling on the instant motion. In order to address the timeliness issue, it will be necessary to consider the actual texts of Einstein's interrogatories and Ms. Cabibbo's responses thereto.

### III. Conclusion

For the aforementioned reasons, the parties are directed to make the following joint submission to the court within fourteen (14) days of the date of this Opinion: (1) a copy of the interrogatories served on Ms. Cabibbo by Einstein on January 24, 2000, and (2) a copy of Ms. Cabibbo's responses to those interrogatories on March 9, 2000.