Lauren **EFFORD**, et al., Plaintiffs,

v.

Linda **MILAM**, et al., Defendants.

No. Civ.A. 04–6018.

United States District Court,
E.D. Pennsylvania.

April 7, 2005.

Robert A. Hoffa, Cogan Station, PA, for Plaintiffs.

Edith M. Chew, West Chester, PA, for Defendants.

### Memorandum and Order

YOHN, District Judge.

Currently pending before the court is plaintiffs' motion to remand this action to the Court of Common Pleas of Chester County, Pennsylvania on the ground that defendants, in filing their notice of removal with this court, failed to comply with 28 U.S.C. § 1446(a) and (b). Plaintiffs contend that defendants failed to include with the notice of removal all of the materials required by 28 U.S.C. § 1446(a), and that defendants' notice was untimely under 28 U.S.C. § 1446(b).

For the following reasons, plaintiffs' motion will be granted.

### FACTUAL & PROCEDURAL BACKGROUND

Plaintiffs commenced their case, which deals with horse breeding rights, by filing a praecipe for writ of summons in the Court of Common Pleas of Chester County, Pennsylvania on February 18, 2004. Pl. Motion at ¶ 1; Def. Resp. at ¶ 1. This document stated that plaintiffs "have commenced an action in *law* against you which you are required to defend or a default judgment may be entered against you." Exh. A to Pl. Motion. The praecipe also contained the addresses of plaintiffs and defendants—plaintiffs Lauren and Robert Efford residing in Honeybrook, Pennsylva-

nia, plaintiff Margaret Kohn residing in Pfluerville, Texas, and defendants Linda and Milynda Milam residing in Bryan, Texas. *Id.* The document stated nothing regarding the factual or legal basis of the suit. *Id.* Service of process was made on defendants by certified mail on March 15, 2004. Pl. Motion at ¶ 2; Def. Resp. at ¶ 2. In April 2004, defendants' counsel contacted plaintiffs' counsel to inquire about the basis for the lawsuit. Pl. Motion at ¶ 4; Def. Resp. at ¶ 4. Plaintiffs' counsel responded with a letter dated April 13, 2004, which stated, in pertinent part:

> The initial Complaint also contained a Breach of Contract action based upon your client's failure to pay [plaintiffs] certain fees from breedings, etc. The agreement is attached to the original Complaint.
>
> In addition to these claims on behalf of [plaintiffs], the facts support a civil RICO claim. Pennsylvania state courts have jurisdiction over these claims. The predicate acts required under the statute are mail fraud. The United States mail was used on several occasions by your clients to begin the registration process. The enterprise utilized was the farm. As you are aware, civil RICO provides for treble damages. With the information I received, there is no doubt of a continuing pattern of fraud by [defendants]. I will use the allegations of the individuals I mentioned earlier to prove the continuing pattern of fraud.

Exh. D to Pl. Motion. On December 1, 2004, plaintiffs filed their complaint in the Chester County Court of Common Pleas. The complaint included one count under the civil remedies provision of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(c), one count of breach of contract, one count of intentional interference with contractual relations, and one count of fraudulent misrepresentation. Exh. E to Pl. Motion.

On December 27, 2004, within thirty days of the filing of the complaint, defendants filed a notice of removal, asserting that this court has jurisdiction because of the federal question presented by plaintiffs' RICO count. On January 25, 2005, defendants filed the pending motion to remand, asserting that the notice of removal was statutorily inadequate as filed and untimely. On February 8, defendants filed their response to the motion.

## DISCUSSION

In support of the motion to remand, plaintiffs contend first that defendants' notice of removal failed to comply with 28 U.S.C. § 1446(a), because it was accompanied only by a copy of the complaint, when "[t]he record and pleadings filed in the state court contain additional filings including a Writ of Summons." Def. Memo. at 2. In addition, plaintiffs argue that the notice of removal failed to comply with 28 U.S.C. § 1446(b), because it was untimely. Plaintiffs assert that under the second paragraph of § 1446(b), the notice should have been filed within thirty days of defendants' receipt of the April 13, 2004 letter, not within thirty days of the filing of the complaint, because the letter was an "other paper" signaling removability to defendants. Defendants respond that remand is not warranted for the non-inclusion of all of the state court materials. In addition, defendants assert that the notice of removal was timely, because it was filed within the thirty-day removal period commenced by defendants' receipt of the state court complaint, which defendants assert was the "initial pleading" under the first paragraph of § 1446(b). Alternatively, defendants contend that the April 13, 2004 letter did not qualify as an "other paper" under § 1446(b)'s second paragraph.

## I. Adequacy of the Filing of the Notice of Removal under 28 U.S.C. § 1446(a)

■ A defendant seeking removal should file with the removal petition "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). The failure to file the exhibits is not a jurisdictional defect. *Dri Mark Prod., Inc. v. Meyercord Co.*, 194 F.Supp. 536, 538 (S.D.N.Y.1961); *Covington v. Indem. Ins. Co.*, 251 F.2d 930, 932–33 (5th Cir.1958). Omissions which are merely formal or modal do not affect the right to remove and may be subsequently remedied. *See* 28 U.S.C. § 1447(b); *Martinez v. Triumph Indus. Div. of the Metal Source Corp.*, No. 87–C116, 1987 WL 5412, *1 n. 2, 1987 U.S. Dist. LEXIS 258, at *1 n. 2 (N.D.Ill. Jan.15, 1987); *Covington*, 251 F.2d at 933.

Defendants admittedly failed to file the praecipe for writ of summons and the certificate of service with the notice of removal. The defect was remedied when defendants filed an amended notice of removal just over a month after the original removal notice was filed. Thus, plaintiffs' procedural challenge to defendants' removal petition is without merit.

## II. Timeliness of the Notice of Removal under 28 U.S.C. § 1446(b)

The first paragraph of 28 U.S.C. § 1446(b) requires a defendant seeking to remove a civil action from a state court to file a notice of removal within thirty days of receipt, through service or otherwise, of "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).[1] In *Foster v. Mut. Fire, Marine & Inland Ins. Co.*, 986 F.2d 48 (3d Cir.1993), the Third Circuit addressed the issue of which documents qualify as "initial pleadings" under this paragraph, thus commencing the running of the removal period.[2] The plaintiff in *Foster* sought remand, asserting that the summons served on the defendant gave "sufficient notice of federal jurisdiction and that [the defendant] should have filed its Notice of Removal in federal court within thirty days" of receipt of the summons. *Foster*, 986 F.2d at 50–51. The defendant responded that the notice of removal was timely because it was filed within thirty days of the filing of the complaint. *Id.* at 51. The defendant contended that "the 'initial pleadings' described in § 1446(b) refers only to complaints and not summons or writs of praecipe." *Id.*

■ The *Foster* court concluded that in deciding which documents commence the running of the thirty-day removal period, "the relevant test is not what the defendant purportedly knew" about the removability of the action, "but what these documents said." *Id.* at 54. The *Foster* court then adopted the rationale of the district court in *Rowe v. Marder*, 750 F.Supp. 718, 721 n. 1 (W.D.Pa.1990), *aff'd*, 935 F.2d 1282 (3d Cir.1991), which concluded that "at a minimum, anything considered a pleading must be something of the type filed with a court," and thus "limited the

---

1. The entire first paragraph is as follows:
   The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
   28 U.S.C. § 1446(b).

2. The court in *Cabibbo v. Einstein/Noah Bagel Partners*, 181 F.Supp.2d 428 (E.D.Pa.2002), clarified that *Foster* dealt only with the first paragraph of § 1446(b) and "was not called upon to analyze the second paragraph." *Cabibbo*, 181 F.Supp.2d at 431.

scope of its inquiry [into what qualifies as an 'initial pleading'] to court-related documents, thus excluding correspondence."[3] *Foster*, 986 F.2d at 53–54. Finally, the Third Circuit held as follows: " § 1446(b) requires defendants to file their Notices of Removal within thirty days after receiving a writ of summons, praecipe, or complaint which in themselves provide adequate notice of federal jurisdiction." *Id.* Thus, the *Foster* court held that a praecipe for writ of summons may be an "initial pleading" under § 1446(b),[4] but that a notice of removal must be filed within thirty days of a defendant's receipt of the praecipe only when it is sufficient to notify the defendant that the case is removable.

█ The praecipe in this case stated simply that defendants were being sued, gave no factual or legal basis for the case that would support federal jurisdiction, and contained the addresses of the parties, which showed that federal diversity jurisdiction could not be established, because plaintiff Kohn and defendants were all citizens of Texas. *See Grand Union Supermarkets of the V.I. v. H.E. Lockhart Mgmt.*, 316 F.3d 408, 410 (3d Cir.2003) (stating that "[j]urisdiction under 28 U.S.C. § 1332(a)(1) requires complete diversity of the parties; that is, no plaintiff can be a citizen of the same state as any of the defendants"). Thus, pursuant to the *Foster* analysis, the initial pleading in this case did not commence the running of the thirty-day removal period under § 1446(b)'s first paragraph.

The second paragraph of 28 U.S.C. § 1446(b) states that "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). Plaintiffs contend that the April 13, 2004 letter qualified as the "other paper" described in the second paragraph as triggering the thirty-day removal period. Thus, plaintiffs contend, defendants' notice of removal was untimely because it was not filed until December 27, 2004, which was, of course, well beyond May 13.

█ The Third Circuit has not decided what constitutes "other paper" under § 1446(b)'s second paragraph. However, cases from other circuits have dealt with the issue, and while some courts have concluded that "other paper" must be those actually filed in the case, the majority of courts have "given the reference to 'other paper' an embracive construction and have included a wide array of documents within its scope." 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3732 (3d ed.1998). The Fifth, Sixth, and Tenth Cir-

---

3. In addition, the Supreme Court has held that under the first paragraph of § 1446(b), the thirty-day removal period commences only when the defendant is officially summoned to appear in the state action, and does not start to run "on the named defendant's receipt, before service of official process, of a 'courtesy copy' of the filed complaint faxed by counsel for the plaintiff." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999).

4. Under the Pennsylvania Rules of Civil Procedure, neither a praecipe nor a summons is considered a "pleading." *See* Pa. R. Civ. P. 1017(a) (stating that "the pleadings in an action are limited to a complaint, an answer thereto, a reply if the answer contains new matter or a counterclaim, a counter-reply if the reply to a counterclaim contains new matter, a preliminary objection and an answer thereto"). However, the *Foster* court declined to make the definition of "pleading" contained in the state rules determinative of the § 1446 issue, in that it explicitly rejected the reasoning of a district court case that did just that. *Foster*, 986 F.2d at 52.

cuits have held that deposition testimony and transcripts qualify as "other paper" under § 1446(b). *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir.1996); *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 465–66 (6th Cir.2002); *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (10th Cir.1999).[5] In addition, the Tenth Circuit has stated that answers to written interrogatories are within the purview of "other paper." *See Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir.1998). Finally, and most importantly to the case at bar, several courts, including this one, have concluded that correspondence between parties can be "other paper." *See Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 761–62 (5th Cir.2000); *Rahwar v. Nootz*, 863 F.Supp. 191, 192 (D.N.J.1994); *Hessler v. Armstrong World Indus.*, 684 F.Supp. 393, 394 (D.Del.1988); *Broderick v. Dellasandro*, 859 F.Supp. 176, 180 (E.D.Pa.1994). In concluding that "other paper" encompassed a letter from the plaintiffs' counsel notifying the defendant's counsel of the plaintiffs' new address (which made the parties diverse and federal jurisdiction proper), Judge Bartle noted first that § 1446(b) has neither a definition of "other paper" nor any relevant legislative history. *Broderick*, 859 F.Supp. at 178. Judge Bartle also pointed out that "the purpose of the statute 'is to commence the running of the thirty day period once the defendant receives actual notice that the case has become removable, which may be communicated in a formal or informal manner.'" *Id.* (quoting 14C Wright, Miller & Cooper, Federal Practice and Procedure § 3732). The Fourth Circuit has agreed with Judge Bartle's reasoning. *See Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 755 (4th Cir. 1996) (citing *Broderick*, 859 F.Supp. at

178). In addition, the courts giving "other paper" an embracive scope have found that "[t]he intent of § 1446(b) is to 'make sure that a defendant has an opportunity to assert the congressionally bestowed right to remove upon being given notice in the course of the case that the right exists,'" and that information obtained from less formal sources like a deposition serves that purpose. *See Peters*, 285 F.3d at 466 (citing *Huffman*, 194 F.3d at 1077 (quoting 14C Wright, Miller & Cooper, Federal Practice and Procedure § 3732)). It is because of the weight of authority giving "other paper" a broad reading that I conclude that correspondence such as the April 13, 2004 letter is within the purview of that term.

It is important to note, however, that concluding that documents like deposition transcripts and answers to interrogatories qualify as "other paper" was not the end of the Fifth and Tenth Circuits' analysis of § 1446(b)'s second paragraph. These courts have held that such documents trigger that paragraph's thirty-day removal period only when they are the result of "*a voluntary act of the plaintiff* which effects a change rendering a case subject to removal (by defendant) which had not been removable before the change." *DeBry v. Transamerica Corp.*, 601 F.2d 480, 487 (10th Cir.1979) (italics added). In addition, these courts have read that paragraph's use of the word "ascertain" to mean that the thirty-day removal period is triggered only when these documents make it "unequivocally clear and certain" that federal jurisdiction lies. *Bosky v. Kroger Tex., L.P.*, 288 F.3d 208, 212 (5th Cir.2002). I conclude that the April 13, 2004 letter in this case passes both of these tests.

---

5. *But see Mill–Bern Assoc., Inc. v. Dallas Semiconductor Corp.*, 69 F.Supp.2d 240, 242–44 (D.Mass.1999) (holding that a deposition transcript was not "other paper" because it was not a formal paper filed in the case).

First, not only was the letter the result of a voluntary act of plaintiffs (their counsel mailed it to defendants' counsel), it was actually in response to a letter by defendants' counsel inquiring about the basis for the lawsuit. Pl. Motion at ¶ 4; Def. Resp. at ¶ 4. Second, the letter: (1) stated that "the facts support a civil RICO claim;" (2) described what is needed to make out a case under the RICO statute; and (3) laid out the facts that plaintiffs' counsel believed to be relevant to each of the RICO elements. Exh. D to Pl. Motion. In addition, the letter stated unequivocally that "I *will* use the allegations of the individuals I mentioned earlier to prove the continuing pattern of fraud." *Id.* (italics added). Finally, just before the portion dealing with RICO, the letter stated that "[t]he initial Complaint also contained a Breach of Contract action," suggesting that the complaint had already been drafted. *Id.* The court concludes that the foregoing should have made it "unequivocally clear and certain" to defendants that the case was removable due to the RICO count, which established a federal cause of action and therefore federal jurisdiction, especially when defendants' counsel was anticipating correspondence from plaintiffs' counsel regarding the basis of the suit, and when it appears from the face of the letter that the yet-to-be-filed complaint had already been written.

I conclude that the April 13, 2004 letter in this case was an "other paper from which it may first be ascertained that the case is one which is or has become removable" under § 1446(b)'s second paragraph. Thus, defendants were required to file their notice of removal within thirty days of their receipt of the letter. Because the notice was filed well beyond that period, it was untimely, and plaintiffs' motion to remand will be granted on this ground.

## CONCLUSION

With respect to plaintiffs' argument regarding 28 U.S.C. § 1446(a), defendants have already remedied the procedural defect of their notice of removal by filing an amended notice that included all of the state court documents. Thus, plaintiffs' argument on this ground is without merit.

However, defendants' notice of removal was untimely because: (1) on the face of the initial pleading in this case, the praecipe for writ of summons filed on February 18, 2004, the action was not removable; (2) correspondence between parties qualifies as "other paper" under § 1446(b)'s second paragraph; (3) the correspondence in this case, the April 13, 2004 letter, was the result of plaintiffs' voluntary act and made it "unequivocally clear and certain" that the case was at that point removable; and (4) defendants did not file the notice of removal within thirty days of their receipt of the letter.

Plaintiffs' motion to remand to the Court of Common Pleas of Chester County, Pennsylvania is therefore granted.

An appropriate order follows.

### Order

And now, this _____ day of April 2005, upon consideration of defendants' motion to remand and plaintiffs' response, it is hereby ORDERED that the motion is GRANTED, and plaintiffs' action is remanded to the Chester County Court of Common Pleas.