Richard J. RIGNEY

v.

Sam FELICIA, et al.

No. Civ.A. 06–1650.

United States District Court,
E.D. Pennsylvania.

May 30, 2006.

Patrick J. McDonnell, Lindsey S. Forshay, McDonnell & Associates, Cherry Hill, NJ, for Richard J. Rigney.

David L. Hackett, Saul Ewing LLP, Philadelphia, PA, for Sam Felicia & Associates, LLC.

Debra Lynn Sherlock, Reger Rizzo Kavulich & Darnall LLP, Philadelphia, PA, Robert J. Foster, Reger & Rizzo LLP, King of Prussia, PA, for The McGraw–Hill Companies, Inc.

### MEMORANDUM

BARTLE, District Judge.

The court has issued an order remanding this diversity action to the Court of

Common Pleas of Delaware County, Pennsylvania on the ground that all defendants did not timely consent to its removal. We now file this Memorandum explaining our decision.

Plaintiff Richard J. Rigney sued defendants Sam Felicia and Sam Felicia & Associates, LLC (the "Felicia defendants") and The McGraw–Hill Companies, Inc. ("McGraw–Hill") in the state court for breach of contract, promissory estoppel, quantum meruit, and tortious interference with contract. Plaintiff contends that he was deprived of commissions and other earnings to which he was entitled over a number of years and into the future for the sale of textbooks to various school districts in southeastern Pennsylvania and in New Jersey. The defendants were served with a copy of the complaint on March 30, 2006.

On April 19, 2006, McGraw–Hill timely filed a notice of removal to this court. *See* 28 U.S.C. §§ 1441(a) and 1446. Referencing the complaint, the notice stated that plaintiff is a citizen of Pennsylvania while McGraw–Hill is a citizen of New York and the Felicia defendants are citizens of New Jersey. It also asserted that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1).

Plaintiff filed a motion to remand to the state court on May 10, 2006. *See* 28 U.S.C. § 1447(c). He contends that the removal was flawed because the Felicia defendants had not filed a written consent to removal within thirty days after they received a copy of the complaint as required under 28 U.S.C. § 1446(b).

Thereafter, on May 12, 2006, the Felicia defendants filed a notice of consent to removal. On May 23, 2006, in opposition to the motion to remand, they submitted an affidavit of their counsel in which he declared that he first learned on April 19, 2006 in a conversation with counsel for McGraw–Hill that plaintiff was seeking more than $75,000 in damages.

■ A notice of removal of an action from the state to the federal court must be filed within thirty days after receipt of a copy of the initial pleading through service or otherwise or "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[1] 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999). All defendants must file such a notice or a written consent to removal within the thirty day time frame. *Balazik v. County of Dauphin,* 44 F.3d 209, 213 (3d Cir.1995); *Landman v. Borough of Bristol,* 896 F.Supp. 406 (E.D.Pa.1995).

■ To remove an action where subject matter jurisdiction, as here, is based on 28 U.S.C. § 1332(a)(1), there must be complete diversity of citizenship and an amount in controversy that exceeds the sum or value of $75,000, exclusive of interest and costs, at the time the notice of removal is filed. *Werwinski v. Ford Motor Co.,* 286 F.3d 661, 666 (3d Cir.2002); *see also* 28 U.S.C. § 1441(a). When an action is removed, the burden is on the defendant to establish that subject matter jurisdiction exists. *Samuel–Bassett v. KIA Motors America, Inc.* 357 F.3d 392, 396 (3d Cir.2004). "The removal statutes 'are to be strictly construed against remov-

---

**1.** The case may not be removed more than one year after commencement of the action.

This provision of 28 U.S.C. § 1446(b) is not relevant here.

al and all doubts should be resolved in favor of remand.'" *Boyer v. Snap–On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (citation omitted).

There is no dispute as to the diverse citizenship of the parties, and it is conceded that the amount in controversy at the time of the filing of the notice of removal exceeded the statutory threshold. The amount in controversy, however, must be determined from the face of the complaint. *Angus v. Shiley, Inc.*, 989 F.2d 142, 145 (3d Cir.1993). The only question is whether the necessary sum could be ascertained from the complaint itself and thus whether the thirty-day removal period began to run upon service of the complaint on March 30, 2006.

While the complaint demands damages, they are not quantified. For example, after alleging the breach of contract claim against the Felicia defendants, plaintiff demands judgment "awarding him damages . . . in such amounts as are proven at trial, including actual damages for loss of revenue including back commissions and future earnings, and for such other and further relief as the Court determines just and appropriate." As noted above, the Felicia defendants contend that they first learned on April 19, 2006 that the plaintiff was seeking more than $75,000 in damages. Since their consent was filed within thirty days thereafter on May 12, they maintain that they acted in a timely manner.

■ Our Court of Appeals has explained that if the complaint does not state a specific damage sum, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus*, 989 F.2d at 146. More recently, the court reiterated in *Werwinski* that "the amount in controversy must be calculated based on a 'reasonable reading' of the complaint." 286 F.3d at

667. There, it affirmed the district court's reading of the complaint that the jurisdictional amount had been met even though the complaint on its face had not set forth specific amounts sufficient to reach the jurisdictional threshold.

■ In accordance with *Angus* and *Werwinski*, we turn to the averments of the complaint. From 1995 until June 30, 2004, plaintiff had a contractual relationship with McGraw–Hill to act as an account manager for the sale of the "Everyday Mathematics" line of textbooks to public schools in southeastern Pennsylvania and southern New Jersey. His territory included sixteen school districts in eight southern New Jersey counties, five school districts in Bucks County, Pennsylvania, the School District of Philadelphia, and the school districts in Chester, Delaware, and Montgomery counties in Pennsylvania. In Philadelphia, 180 public schools were using textbooks he had sold and would continue to do so for an agreed period of seven years. Plaintiff was compensated solely by commissions as well as bonuses for increased sales. He was also entitled to "substantial" commissions on any reorders that were attributable to his initial sales efforts. Under his employment contract he was to be paid 85 percent of the commissions attributable to the sales for which he was responsible.

In January 2002, McGraw–Hill contracted with the Felicia defendants to act as its agents or representatives for the marketing of its publications in southeastern Pennsylvania and southern New Jersey. As with previous agents or representatives, McGraw–Hill would remit commissions to the Felicia defendants for all sales within the territory, and the Felicia defendants were to pay to plaintiff 85 percent of the commissions attributable to his sales. According to the complaint, beginning in 2002 the Felicia defendants improperly re-

duced plaintiff's commissions and began stripping him of parts of his territory in Pennsylvania until it finally terminated his contract with McGraw–Hill without cause, effective June 30, 2004. Instead of paying him his commissions, the Felicia defendants retained the commissions for themselves.

As *Angus* and *Werwinski* make clear, we must simply ascertain from "*a* reasonable reading" of the initial pleading if the statutory amount in controversy has been satisfied. (emphasis added). It does not have to be the only reasonable reading, and the sum is "not measured by the low end of an open-ended claim." *Angus*, 989 F.2d at 146. Here it is surely *a* reasonable reading of the complaint that the value of the rights being litigated is greater than $75,000. The commissions allegedly past due to plaintiff as an account manager cover a period of almost four years. Over these four years he clearly sold a very large quantity of books. Numerous school districts in urban and suburban areas of two states, including 180 schools in the School District of Philadelphia, were using texts they had purchased through him. The Philadelphia School District had entered into a long term purchase agreement as a result of his efforts. Plaintiff also seeks future commissions. The complaint avers that he was to be paid for his work not simply in part but solely by commissions and bonuses, and the commissions due are "substantial." Finally, in addition to his contractual claims, plaintiff alleges tortious interference with contractual relations. Consequential damages are allowable under Pennsylvania law for this claim which involves intentional conduct. *Temporaries, Inc. v. Krane*, 325 Pa.Super. 103, 472 A.2d 668, 672–74 (1984); *see also, Werwinski*, 286 F.3d at 665; RESTATEMENT (SECOND) OF TORTS § 774A.

This action differs materially from the three cases cited by the Felicia defendants to support their argument that their consent to removal was timely. In *McGhee v. Allstate Ins. Co.*, No. Civ.A. 05–1813, 2005 WL 2039181 (E.D.Pa. Aug.22, 2005), the complaint, unlike the one before us, specifically stated that the damages being sought did not exceed $50,000. There, the court allowed removal within thirty days after defendant first learned through plaintiff's response to defendant's request for admissions that the damages were in excess of $75,000. In *Cabibbo v. Einstein/Noah Bagel Partners, L.P.*, No. Civ.A. 01–1625, 2002 WL 32345948 (E.D.Pa. Mar.21, 2002), the plaintiff sued for burns to her thighs suffered from spilling a hot cup of coffee. Again, the state court complaint averred damages as not in excess of $50,000. *Cabibbo v. Einstein/Noah Bagel Partners*, 181 F.Supp.2d 428 (E.D.Pa. Jan.18, 2002). It was only later that the plaintiff changed her position, and defendant learned that the claim was above the jurisdictional threshold. Finally, *In re Diet Drugs*, 2002 U.S. Dist. LEXIS 25285 (E.D.Pa. Dec. 17, 2002) concerned the issue of fraudulent joinder of a party in a diversity case and not the amount in controversy.

The removal period under § 1446(b) began to run upon service of the complaint on defendants on March 30, 2006. Because the Felicia defendants did not file a consent to the removal of this action within thirty days thereafter, this action is being remanded to the Court of Common Pleas of Delaware County.