**Tommie Ruth POLK, Plaintiff,**

v.

**SENTRY INSURANCE, A Mutual Company, Defendant.**

**No. CIV.A. 3:99CV858WS.**

United States District Court,
S.D. Mississippi,
Jackson Division.

Sept. 25, 2000.

John G. Jones, Jones & Funderburg, Jackson, MS, for Tommie R. Polk, plaintiff.

Arthur F. Jernigan, Jr., Watson & Jernigan, P.A., Clyde X. Copeland, III, Page, Kruger & Holland, P.A., Jackson, MS, for Sentry Insurance, a mutual company, defendant.

***ORDER DENYING REMAND***

WINGATE, District Judge.

Before the court is the motion of plaintiff Tommie Ruth Polk brought pursuant to Title 28 U.S.C. § 1447[1] asking this court to remand this lawsuit to the Mississippi state court where it originated. Defendant Sentry Insurance removed this lawsuit from state court to this federal forum under the auspices of Title 28 U.S.C. §§ 1441(a)[2] and 1332,[3] alleging diversity of citizenship and the requisite amount in controversy. The parties here are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of costs and interest, factors contested by neither party. What is in dispute, however, is whether Sentry Insurance timely removed this case to this court under the thirty (30) day window provided by Title 28 U.S.C. § 1446(b), which begins when a removing party receives notice by an "other paper" that a previously non-removable case has now become removable. In his motion to remand, Polk contends that defendant slept on the first "other paper" alerting defendant that this case had become removable to federal court and defendant now is precluded from taking advantage of the removal statutes. Accordingly, the plaintiff asks this court to remand this matter to state court. This court, however, is unpersuaded by Polk's motion to remand and hereby denies the motion for the reasons which follow.

1. Title 28 U.S.C. § 1447(c) provides in pertinent part:

> (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

2. Title 28 U.S.C. § 1441(a) states in pertinent part:

> "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending ...."

3. Title 28 U.S.C. § 1332 provides in pertinent part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
> (1) citizens of different States; ...

*FACTS AND PROCEDURE*

On March 9, 1999, this action, arising out of an automobile accident, was initiated in the Circuit Court of Copiah County, Mississippi, by Jerry Mahaffey. Mahaffey, a passenger in an automobile driven by J.C. Lomax, sued Lomax and Tommie Ruth Polk, the driver of the other automobile involved in the accident. Mahaffey also sued Federal Express Corporation, Polk's employer and the owner of the automobile Polk was driving at the time of the automobile accident. Thereafter, Federal Express and Polk filed their answers and defenses to Mahaffey's complaint and, jointly, filed a cross-claim against co-defendant Lomax for damages and other relief. At the time, Federal Express and Polk were represented by the firm of Watson and Jernigan. On August 11, 1999, Polk, represented by Jones and Miller, filed a counterclaim against Sentry Insurance. After the necessary waivers of conflict had been obtained, Sentry also retained the firm of Watson and Jernigan to represent it in defense of Polk's counterclaim. As such, Clyde Copeland of Watson and Jernigan represented Federal Express and Polk (defendant), as well as Sentry Insurance (counter-defendant).

One by one, the various parties began to resolve and voluntarily dismiss these claims. On September 25, 1999, Polk and Lomax entered a final settlement of claim and covenant not to sue. Thereafter, on November 1, 1999, counsel for Federal Express and Polk (defendant), Watson and Jernigan, received correspondence from counsel for Lomax, dated October 29, 1999, which appears to memorialize an earlier oral settlement agreement voluntarily extinguishing Federal Express's claim against Lomax. Enclosed with the correspondence were an Absolute Release With Covenants between Federal Express and Lomax and an insurance draft from Lomax's insurer in favor of Federal Express for $10,000.

The next correspondence received by counsel for Federal Express and Polk was on November 4, 1999. At that time, said counsel received correspondence from Craig Sessums, counsel for Lomax, dated November 3, 1999, in which Sessums forwarded to said counsel a "Final Judgment of Dismissal With Prejudice" signed by himself and Dale Schwindaman, Jr., counsel for plaintiff Mahaffey. Pursuant to that agreed judgment, Mahaffey was dismissing his claim against Federal Express and Polk simultaneously with Lomax. This judgment was signed by the state trial court and filed with that court on November 9, 1999.

Upon the entry of the above judgment, only Polk's claim against Sentry remained. Sentry, a corporate citizen of Wisconsin, and Polk, a citizen of Mississippi, are diverse in citizenship.

On December 3, 1999, Sentry Insurance filed its notice of removal seeking to realign the parties as plaintiff and defendant and to seek the jurisdiction of this court on the notion that this court now had diversity jurisdiction. Prior to the settlements by the other parties, this court lacked diversity jurisdiction since plaintiff is a resident citizen of Mississippi, as are defendants Lomax and Polk. On December 16, 1999, Polk filed her motion to remand, arguing that Sentry's removal had been untimely.

*ANALYSIS*

The issue presented is whether, by virtue of diversity, this court possesses subject matter jurisdiction over Polk's claim against Sentry. The burden here of establishing that federal jurisdiction exists is on the removing party, the defendant Sentry Insurance. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992). Both parties agree that the requirements for diversity jurisdiction exist in this case: the "matter in controversy exceeds the sum or value of $75,000," and the parties are "citizens of different states." Title 28 U.S.C. § 1332(a). What the parties do not agree on, however, is whether Sentry Insurance timely removed the case to this court pursuant to Title 28

U.S.C. § 1446(b). Section 1446(b) provides in pertinent part that:

> [the] notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable....

Sentry Insurance contends that its right of removal under § 1441(b) first arose when Sentry's counsel received a November 3, 1999, correspondence from Lomax's attorney, indicating that the plaintiff Mahaffey desired to settle his claims against all defendants whose citizenships would preclude diversity jurisdiction. Plaintiff Polk, on the other hand, points to a letter dated October 29, 1999, from Lomax' attorney to Sentry's counsel which, says Polk, provided the requisite notice to Sentry that the lawsuit was now removable. The pivotal issue before this court thus implicates two considerations: first, whether the embrace of § 1446(b) includes correspondence between counsel as "other paper," notwithstanding that the correspondence was not filed with the Clerk of Court. If not, then further analysis is unwarranted since the correspondence in question were not filed with the Clerk of Court. Should this court determine that § 1446(b) includes counsel correspondence, then the court's next task is to determine whether and when the thrust of the correspondence in question properly triggered removal.

Section 1446(b) does not define "other paper." On at least two occasions, the Fifth Circuit Court of Appeals resolved remand issues without deciding what constitutes "other paper." *See FDIC v. Loyd,* 955 F.2d 316, 326 (5th Cir.1992) (declining to reach the question of whether "other paper" under § 1446(b) includes or excludes the appointment papers of a receiver); *Chapman v. Powermatic, Inc.,* 969 F.2d 160, 164 n. 8 (5th Cir.1992) (refusing to express an opinion as to whether medical bills and demand letter would be adequate as "other paper" for purpose of the second paragraph of § 1446(b)).

This court, however, in *Sunburst Bank v. Summit Acceptance Corp.,* 878 F.Supp. 77 (S.D.Miss.1995), followed that line of case authority which holds that § 1446(b) is not restricted solely to papers filed in the case. In *Sunburst,* this court, after relying principally upon the plain language of § 1446(b), interpreted the meaning of "other paper" to include informal correspondences between parties.

> The essential purpose of § 1446(b) is to commence the running of the 30–day period once the defendant receives the requisite written notice that the case has become removable. This actual notice may be communicated in a formal or informal manner. Accordingly, this court holds that a demand letter under proper circumstances may be accorded "other paper" status under § 1446(b).

878 F.Supp. 77 at 82.

Similarly, in *Hessler v. Armstrong World Industries, Inc.,* 684 F.Supp. 393 (D.Del.1988), that court adjudged attorneys' correspondence as a permissible "other paper" under the removal statute. In that case, the parties were notified via letter from counsel that the non-diverse parties to the suit had settled. The remaining defendants, however, did not file a petition to remove until more than three months later. They argued that the thirty day time limit had not begun to run until the court had formally received notice that the non-diverse defendants had settled. The *Hessler* court found that the defendants' petition for removal was untimely. *Hessler,* 684 F.Supp. at 395. The court reasoned that because the earlier correspondence among the attorneys had given

the defendants adequate notice that the case had become removable, that correspondence, not the subsequent notification of the court, constituted an "other paper" for § 1446(b) removal purposes. *Id.* at 394–95.

This court, still inclined to follow its reasoning in *Sunburst Bank v. Summit Acceptance Corp., supra,* finds that the correspondence at issue, under the proper circumstances, may be accorded "other paper" status under the removal statute.

Next, the court must determine whether the contents of any of the correspondence in the instant case provide requisite notice for removal, and whether Sentry's notice of removal was timely filed. Put differently, the question before this court is on what date did Sentry Insurance's counsel, Clyde Copeland of Watson and Jernigan, receive an "other paper:" the Lomax letter dated October 29, 1999, and received by Sentry on November 1, 1999; or the Lomax letter dated November 3, 1999, received by Sentry on November 4, 1999. If the former, this case must be remanded, since removal came beyond the thirty-day removal period. If the latter, defendant's removal was timely.

In deciding the timeliness of Sentry's notice of removal, this court notes that the statute clearly prescribes that the time for removal begins to run when the defendant receives the requisite *written* notice of facts, as opposed to oral and implied notifications, which make the case removable. *See Sunburst,* 878 F.Supp. at 82; *see also Smith v. Bally's Holiday,* 843 F.Supp. 1451, 1454 (N.D.Ga.1994). The actual knowledge of the defendant prior to the receipt of the writing is irrelevant to the determination of when a case becomes removable under § 1446(b). The court in *Jong v. General Motors Corp.,* 359 F.Supp. 223 (N.D.Cal.1973), aptly stated this point:

> Under § 1446(b), where a case is not originally removable, the time for removal begins only after the defendant receives a copy of a pleading, motion or other paper which shows that the action has become removable. Therefore, the time period to remove an action cannot depend on the defendant's actual knowledge, because the statute expressly allows the defendant to rely on papers presented to it.

*Jong,* 359 F.Supp. at 226. This latter observation in *Jong* also disposes of plaintiff's secondary argument that the time restriction of § 1446(b) should begin to run when the removing party has knowledge that the case has become removable, regardless of whether such knowledge comes from a written source. Polk asserts that counsel for Sentry Insurance was aware of settlement negotiations between the plaintiff Mahaffey and defendant Lomax and the effect those negotiations might have on Federal Express and Polk's future status in that litigation. Thus, argues Polk, Sentry's clock for removal began ticking when Sentry acquired that knowledge.

This court disagrees. Section 1446(b) does not provide for oral notice. This court, therefore, looks to when Clyde Copeland of Watson and Jernigan, counsel for defendants Federal Express and Polk and counter-defendant Sentry, received written notification that the action had become removable.

As a general rule, this court has applied the "voluntary-involuntary" rule. Under this rule, "the removability of a case depends on the character of the non-diverse defendant's dismissal. If the plaintiff initiates the dismissal, [as here], it is 'voluntary'; if the defendant or the court initiates the dismissal, it is 'involuntary'. Only if the dismissal is voluntary may the action be removed." *Gandy v. Crompton,* 55 F.Supp.2d 593, 596 (S.D.Miss.1999).

Further, the thirty-day time limit under § 1446(b) is triggered only after the removing defendant receives some written notification evidencing an unequivocal abandonment of the plaintiff's claim against any remaining defendants whose citizenships would preclude diversity jurisdiction. *See, e.g., Rawlings v. Prater,* 981 F.Supp. 988 (S.D.Miss.1997) (agreeing with the contention that the case becomes removable as soon as "defendant receives the

documents evidencing plaintiff's unequivocal and unconditional voluntary abandonment of her claim against the resident defendant"); *Pullman Co. v. Jenkins,* 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939) (clear and definitive expression that plaintiff desired to terminate action against non-diverse defendant is necessary for action to become removable). Thus, two important criteria trigger the 30–day clock under § 1446(b): (1) that the removing defendant must receive notice from the plaintiff; and (2) that the notice must clearly and definitively evidence the plaintiff's desire voluntarily to dismiss any nondiverse defendants.

Polk argues that the time began to run when Sentry's counsel, Clyde Copeland of Watson and Jernigan, received a letter from Lomax's counsel, dated October 29, 1999. As attested to in his affidavit, Copeland claims to have received that letter on November 1, 1999. Sentry argues that the time began to run only after its counsel received a letter from Lomax's counsel, dated November 3, 1999. As attested to in his affidavit, Copeland claims to have received that letter on November 4, 1999.[4]

This court is unpersuaded that the October 29, 1999, dated letter, received November 1, 1999, constituted an "other paper" within the language of the removal statute, but rather that it was not until Sentry's counsel received the letter dated November 3, 1999, that said counsel had written notification that unequivocally indicated that the plaintiff Mahaffey desired voluntarily to dismiss the nondiverse defendants from the underlying litigation.

The October 29, 1999, letter received on November 1, 1999, states in pertinent part:

> Enclosed with this letter please find the original Release and check in the amount of $10,000 in full and final settlement of the above referenced matter. I have forwarded the Final Judgment of Dismissal to Dale Schwindaman and once I have received the same back from him I will forward it to you. Please have your client execute the Release in the presence of a notary and return same to me. I assume you will take care of any outstanding liens.

This letter provides no definitive indication that the plaintiff Mahaffey desired to dismiss or settle his claim against Polk or Federal Express. In fact, the only attachments that were enclosed with the letter were the Absolute Release With Covenants between Federal Express and Lomax and an insurance draft for $10,000 from Lomax's insurer in favor of Federal Express. The most that reasonably could be inferred from the letter and release is that the plaintiff Mahaffey and defendant Lomax had reached a settlement agreement between themselves. And, as counsel for Lomax did not forward a copy of the proposed order to Watson and Jernigan, Sentry's counsel, said counsel had no reasonable way of determining that the plaintiff had an unequivocal desire to dismiss Federal Express and Polk, as well as Lomax.

The November 3, 1999, letter received on November 4, 1999, was accompanied by a "Final Judgment of Dismissal With Prejudice" which states in pertinent part:

> [t]his cause came on to be heard on the Motion of the Plaintiff, Jerry Mahaffey, and Cross–Plaintiff, Federal Express Corporation, for a Final Judgment dismissing their claims with prejudice; and it being made known to the Court that their claims have been fully compromised and settled by Defendants paying to Plaintiff and Cross–Plaintiff a sum of money satisfactory to all parties, and all parties consenting to the entry of this Final Judgment and agreeing that this cause should be dismissed with prejudice; and the Court, being fully advised in the premises, does find that said Motion is well taken and should be sustained.[5]

4. Copeland's affidavit is uncontroverted as to when he received the letters at issue.

5. In his affidavit to this court, Clyde Copeland of Watson and Jernigan, maintain that no consideration was provided by his clients,

As evidenced by the plain language of the agreed judgment, it was not until November 4, 1999, when Watson and Jernigan, Sentry's counsel, received the agreed judgment signed by Mahaffey's counsel, Dale Schwindaman, did Sentry's counsel receive an unequivocal, written notice that Mahaffey desired voluntarily to dismiss his claims against all non-diverse defendants.

## CONCLUSION

Only the correspondence dated November 3, and received on November 4, 1999, comports with both the "other paper" rule and the voluntary/involuntary rule, and which presents an unequivocal abandonment of the plaintiff's case against all non-diverse defendants. Thus, Sentry counsel's receipt of this letter triggered the running of the 30–day clock. Because Sentry Insurance filed its notice of removal on December 3, 1999, twenty-nine (29) days after receipt of said letter, Sentry's removal was timely. Hence, this court hereby denies Polk's motion to remand.

Federal Express and Polk, to Mahaffey to-

