Katherine RUSSELL

v.

**HOME STATE COUNTY MUTUAL INSURANCE COMPANY, et al**

No. CIV.A.02–3488.

United States District Court, E.D. Louisiana.

Feb. 7, 2003.

Louis Adam Gerdes, Jr., Louis A. Gerdes, Jr., Attorney at Law, New Orleans, LA, for Katherine Russell, plaintiff.

John Allen Jeansonne, Jr., Michael J. Remondet, Jr., Jeansonne & Remondet, Lafayette, LA, Thomas H. Huval, Stephen C. Aertker, Jr., Christian A. Shofstahl, John A. Jeansonne, III, DeVoyce Danelle Stubbs, Jeansonne & Remondet, New Orleans, La, for Home State County Mut. Ins. Co., defendant.

Thomas Michael Masterson, Masterson, Arostegui & Wartelle, New Orleans, LA, Roberto Rene' Arostegui, Law Office of Masterson, Arostegui & Wartelle, New Orleans, LA, for Government Employees Insurance Company, defendant.

## ORDER & REASONS

FALLON, District Judge.

Before the Court is the Plaintiff's motion to remand. For the following reasons, the motion to remand is GRANTED.

## I. BACKGROUND

This case arises out of an automobile accident that occurred on August 22, 2001, when the Defendant, Stephen Dell, allegedly backed into the Plaintiff's vehicle. According to the Plaintiff, Dell was in the course and scope of his employment with Longmile Trucking Company at the time of the accident on August 22, 2001. Plaintiff filed suit in civil district court for the Parish of Orleans, naming as Defendants Stephen Dell, Longmile Trucking Company ("Longmile"), Homestate County Mutual Insurance Company ("Homestate"), insurer of Longmile, and Government Employees Insurance Company ("GEICO"), Plaintiff's uninsured motorist carrier. Plaintiff sought damages for mental anguish and pain, medical expenses, and physical pain and suffering; however, Plaintiff did not specify any dollar amount in her state court petition. Defendants Home State and GEICO were served with Plaintiff's petition on August 5, 2002. On November 21, 2002, nearly three months after service, Defendant Home State removed the action to this Court.

In its notice of removal, Home State asserted that based on the initial pleadings, the case was not removable because the amount in controversy did not exceed $75,000, but "new information has surfaced which *now* indicates that the matter in controversy between the defendants and the plaintiff exceeds $75,000.00 exclusive of interests and costs such that this action has become removable." Defendant's Notice of Removal, ¶ XII. According to Home State, this new information qualified as "other paper" under 28 U.S.C. § 1446(b), and their removal was timely because it was within thirty days from the date of this "other paper."

The new information that Home State claims is "other paper" indicating to it that the amount in controversy now exceeds $75,000 consists of a letter sent by its own attorney to the Plaintiff's attorney dated November 7, 2002. In the letter, Home State's attorney indicated his intention to remove the case to federal court. The letter continues to read "However, if you would agree to stipulate that your client's damages do not exceed $75,000.00, I will forego my motion to remove this [case] to Federal Court, and thus, will file an answer in [state] court. If I do not hear from you by Tuesday, November 12, 2002, I will move forward with the appropriate motions in federal court. If you agree with my proposal, execute the attached

stipulation and forward to my attention (via fax) immediately." Attached to the letter is a joint stipulation for the Plaintiff to sign indicating that her claim does not exceed $75,000.00 and that if she were awarded an amount over $75,000.00, she would not accept or be entitled to the excess amount of the award over $75,000.00. Plaintiff did not respond to Defendant's letter and did not sign the stipulation and on November 21, 2002, Defendant removed the case to this Court.

Plaintiff timely filed this motion to remand the case arguing that removal was improper on several grounds. In particular, the Plaintiff argues that Home State's removal is untimely because it was not filed within thirty days of service of the petition, as required, and the "other paper" exception does not apply. This Court finds that Plaintiff's argument that the "other paper" exception does not apply in this case is correct and necessitates remand; thus, other arguments raised by the Plaintiff as to why removal was improper are moot and need not be discussed.

## II. LAW AND ANALYSIS

Title 28, United States Code, Section 1446 provides that a notice of removal of a civil action must be filed within thirty days after receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claims for relief upon which such action or proceeding is based. The rule further provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the Defendant, through service or otherwise, of a copy of an amended pleading, motion,

order or *other paper* from which it may be first ascertained that the case is one which is or has become removable ...." (Emphasis added).[1] 28 U.S.C. § 1446. The issue in this case is whether a letter from Defense counsel to Plaintiff's counsel requesting a stipulation that the amount in controversy does not exceed $75,000.00, to which Plaintiff's counsel did not respond, constitutes "other paper" under 28 U.S.C. § 1446 so as to trigger the thirty day time period for removal.

The Fifth Circuit has considered what constitutes "other paper" for purposes of the removal statute. The Fifth Circuit follows the rule that the "other paper" conversion requires a "voluntary act of the Plaintiff". *Addo v. Globe Life and Accident Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir.1996). The question in this case is whether an unanswered letter from Defense counsel is evidence of a "voluntary act" of the Plaintiff. In *S.W.S. Erectors, Inc.*, defense counsel learned during a telephone conversation with Plaintiff's attorney that the Plaintiff's damages exceeded $100,000. 72 F.3d at 491. The defense attorney then drafted an affidavit confirming the amount in controversy as speculated by the Plaintiff's counsel. *Id.* The Defendant then used the affidavit of its attorney and the diversity of citizenship as a basis to remove the case. *Id.* The Fifth Circuit held that the affidavit created solely by the Defense attorney was not "other paper" because it was based on his subjective knowledge and could not convert a non-removable action into a removable one. *Id.* at 494. The court explained that "other paper" requires a voluntary act of the Plaintiff,

---

1. The rule also provides that if the basis for removal is diversity jurisdiction, the case cannot be removed after one year from the commencement of the action. This part of the provision does not affect this case because the removal notice was filed within one year of the commencement of the action.

which was clearly not present with only the Defense attorney's affidavit as the sole proof of jurisdictional amount. *Id.*

The rule and reasoning of the *S.W.S. Erector's* case described above applies to this case. Defense counsel created a letter and blank stipulation for the Plaintiff to sign. The Plaintiff did not respond to the letter and did not sign the stipulation. No act by the Plaintiff is alleged in this respect. In fact, Defendant Home State's argument, although not expressly argued as such, is that Plaintiff's *failure to act* causes his letter to qualify as "other paper" so as to notify the Defendant that the case was removable because the jurisdictional amount was present. This Court could not find, and Defendant Home State failed to cite, any case in this Circuit where a Plaintiff's silence, inaction, or non-response converts a Defendant's unilateral correspondence into "other paper," thereby starting the time period for removal.[2] Quite simply, this case lacks a voluntary act by Plaintiff which precludes the conclusion that the defense counsel's letter constitutes "other paper" triggering the time period for removal. Furthermore, Plaintiff's failure to act or respond cannot have the effect of transforming defense counsel's letter into "other paper."

Because this Court finds that the "other paper" exception does not apply in this case, the Defendant's notice of removal is untimely because it was not filed within thirty days from receipt, service or otherwise, of the initial pleading. Therefore, in light of the finding that Defendant's removal was untimely, remand of this case is appropriate.

**2.** Defendant Home State cites the following cases for the proposition that communications between attorneys can constitute "other paper:" *Sunburst Bank v. Summit Acceptance Corp.*, 878 F.Supp. 77 (D.C.Miss.1995); *Addo v. Globe Life and Accident Ins. Co.*, 230 F.3d 759 (5th Cir.2000); and *Golden Apple Mgmt.*

## II. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is GRANTED. Accordingly, IT IS ORDERED that this case be and is hereby REMANDED to Civil District Court for the Parish of Orleans, State of Louisiana.

*Co. v. GEAC Computers, Inc.,* 990 F.Supp. 1364 (D.C.Ala.1998). However, Defendant fails to recognize that all of these cases involved some voluntary act by the Plaintiff, such as writing a settlement demand to the Defendant, a circumstance that is *not* present in this case.