**Ricky WILLIAMSON and Cindy Williamson Plaintiffs**

v.

**FLEETWOOD HOMES OF MISSIS-SIPPI, INC. and Patrick Home Center Defendants**

**No. CIV.A.4:04 CV 69–M–B.**

United States District Court, N.D. Mississippi, Greenville Division.

Nov. 23, 2004.

Ralph E. Chapman, Chapman, Lewis & Swan, Clarksdale, MS, for Ricky Williamson, Cindy Williamson, Plaintiffs.

Roland F. Samson, III, Samson & Powers, PLLC, Gulfport, MS, for Fleetwood

Homes of Mississippi, Inc., Patrick Home Center, Inc., Defendants.

## *ORDER*

MILLS, District Judge.

This cause comes before the court on plaintiffs' motion [5–1] to remand this case to the Circuit Court of Sunflower County. Defendants have responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, concludes that the motion is not well taken and should be denied.

On November 19, 1999, plaintiffs filed this action in the Circuit Court of Sunflower County, seeking recovery for breaches of implied and express warranties arising out of their purchase of an allegedly defective mobile home from defendants. On March 11, 2004, defendants removed the case to this court, on the basis of federal question jurisdiction, *see* 28 U.S.C. § 1331. Plaintiffs have moved to remand, arguing that they seek recovery solely under state law and that federal question jurisdiction therefore does not exist in this case.

█ In alleging that federal question jurisdiction exists, defendants acknowledge that plaintiffs state no federal claims on the face of their complaint. Defendants note, however, that in response to a request for admissions, plaintiffs refused to admit that they would not seek damages under the Magnuson–Moss Warranty Act, 15 U.S.C.A. § 2301, *et seq* in an amount exceeding the $50,000 amount in controversy requirement set forth in that Act. Indeed, plaintiffs responded that they "may seek damages through any legal means," and defendants argue that this response constitutes "other paper" making this case removable under 28 U.S.C. § 1446(b). The court agrees.[1]

█ It is well established that, under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Terrebonne Homecare, Inc. v. SMA Health Plan, Inc.*, 271 F.3d 186, 188 (5th Cir.2001) (*quoting Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)). "When a plaintiff has a choice between federal and state law claims, she may proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove." *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir.2001). Thus, if plaintiffs had chosen to proceed solely under state law, then it is plain that federal question jurisdiction would not exist in this case. However, the fact that plaintiffs specifically refused to admit that they would not seek damages under the Magnuson–Moss Act leads this court to conclude that federal question jurisdiction exists in this case.

This is not a case in which defendants sought to "trick" plaintiffs into admitting that federal question jurisdiction exists. To the contrary, defendants submitted a very simple and straightforward question to plaintiffs: whether they admitted that they did not seek damages under the Magnuson–Moss Act in an amount sufficient to implicate that Act's amount in controversy requirement. Faced with this simple question, plaintiffs refused to admit that they would not seek damages under the Act; to

---

1. Plaintiffs argue that this case was not timely removed, but this argument lacks merit. Plaintiffs served their admissions response upon defendants on February 25, 2004, and defendants removed the case on March 9, 2004. It is apparent that the admissions response constituted "other paper" giving rise to federal jurisdiction, and defendants properly removed the case within thirty days of receiving notice of this "other paper." *See* 28 U.S.C. § 1446(b).

the contrary, they specifically reserved their right to recover under "any legal means." It may well be that plaintiffs were attempting to play a clever jurisdictional game in this case, but the court has little patience for such games in response to clear and concise discovery requests such as those submitted by defendants. The court concludes that federal question jurisdiction exists in this case and that the Magnuson–Moss Act's $50,000 amount in controversy is met. The motion to remand will therefore be denied.

Based on the foregoing, it is ordered that plaintiffs' motion to remand [5–1] is denied.