JHOHMAN, LLC, Plaintiff,

v.

UNITED STATES SECURITY ASSO-
CIATES, INC., Carl Watts, and
Will Riley, Defendants.

No. 07–10725.

United States District Court,
E.D. Michigan,
Southern Division.

Sept. 24, 2007.

David B. Lipski, Bloomfield Hills, MI, for Plaintiff.

Brian A. Kreucher, Kevin T. Sutton, Keller Thoma, Detroit, MI, for Defendants.

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND

GERALD E. ROSEN, District Judge.

### I. INTRODUCTION

Plaintiff JHohman, LLC commenced this action in Wayne County Circuit Court on December 5, 2006, asserting a variety of state-law claims against Defendant United States Security Associates, Inc. ("USSA") and two of its employees, Defendants Carl Watts and Will Riley. Generally speaking, Plaintiff alleges that the individual Defendants made false and defamatory statements to potential customers of Plaintiff's security services, resulting in the loss of customers and overall damage to Plaintiff's business.

In an initial round of discovery accompanying their answer in the state-court proceedings, Defendants served a variety of discovery requests upon Plaintiff on January 8, 2007, including several requests for admissions. Pursuant to Michigan Court Rule 2.312(B)(1), Plaintiff's responses to these requests were due within 28 days, or on or before February 5, 2007. Eight of Defendants' requests asked Plaintiff to admit that it had no admissible evidence in its possession, custody, or control to support its allegation that Defendant Riley or Defendant Watts had made a particular defamatory statement regarding Plaintiff's business. When the February 5 deadline passed without Plaintiff responding to these or the other requests for admissions, the matters addressed in these requests were "deemed admitted" by operation of Michigan Court Rule 2.312(B)(1).

Based on Plaintiff's failure to respond, Defendants removed the case to this Court on February 20, 2007, contending that Defendants Watts and Riley were fraudulently joined as parties without any basis for charging them with liability. In their no-

tice of removal, Defendants assert that Plaintiff's failure to timely respond to the requests for admissions leaves it with no evidentiary support for its claims against either individual Defendant. Defendants further state that, absent any viable claims against these individuals, the remaining parties (Plaintiff and Defendant USSA) are of diverse citizenship, thereby permit-ting removal to federal court. *See* 28 U.S.C. §§ 1441(a), 1332(a).

Through the present motion, Plaintiff now seeks a remand to state court, arguing that Defendants have failed to identify a proper basis for disregarding the claims against—and hence the citizenship of—individual Defendants Watts and Riley. Even accepting that its lack of timely responses resulted in admissions by operation of the Michigan Court Rules, Plaintiff argues that it should be left to the state court on remand to determine whether Plaintiff should be permitted to serve untimely responses, *see* Michigan Court Rule 2.312(D)(1), and that, absent an unfavorable state court ruling on this point, it cannot be said that Plaintiff's claims against the individual Defendants lack viability. In response, Defendants reiterate their contention that the individual Defendants were fraudulently joined as parties, whether because of Plaintiff's failure to timely respond to their requests for admissions or because of a general absence of evidence to support the claims against Defendants Watts and Riley.

Having reviewed the parties' briefs in support of and opposition to Plaintiff's motion, the accompanying exhibits, and the record as a whole, the Court finds that the relevant facts, allegations, and legal arguments are adequately presented in these written submissions, and that oral argument would not aid the decisional process. Accordingly, the Court will decide Plaintiff's motion "on the briefs." *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. For the reasons stated below, the Court finds that this case should be remanded to state court as removed without a proper jurisdictional basis.

## II. *ANALYSIS*

Defendants' removal of this case to this Court rests upon the doctrine of fraudulent joinder. Accepting Plaintiff's complaint on its face, there would be no basis for removal, as Plaintiff and the individual Defendants share Michigan citizenship and no federal claims have been asserted. Yet, as the Sixth Circuit has explained, the "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *Coyne v. American Tobacco Co.,* 183 F.3d 488, 493 (6th Cir.1999). Defendants contend that this doctrine is applicable here, where Plaintiff allegedly has failed to state any viable claims against the two Michigan Defendants, Riley and Watts. As the removing parties, Defendants have the burden of "present[ing] sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne,* 183 F.3d at 493. "However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court." 183 F.3d at 493. Moreover, "all disputed questions of fact and ambiguities in the controlling state law" must be resolved in Plaintiff's favor, and "[a]ll doubts as to the propriety of removal are resolved in favor of remand." 183 F.3d at 493 (internal quotation marks, alteration, and citations omitted).

The removal of this case features an additional wrinkle. Defendants did not remove the case based on Plaintiff's initial complaint alone, evidently concluding that the allegations of the complaint, in and of themselves, did not establish the fraudu-

lent joinder of Defendants Riley and Watts.[1] Rather, as noted above, Defendants' removal was triggered by Plaintiff's failure to timely respond to requests for admissions directed at the purported absence of evidentiary support for certain of the complaint's allegations. In their notice of removal, Defendants assert that Plaintiff's lack of timely responses gave rise to a right of removal under 28 U.S.C. § 1446(b), which states in pertinent part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable.

(emphasis added). The removal of this action, then, rests on two premises: (i) that a request for admission, if not timely answered and therefore deemed admitted by operation of a state court rule, qualifies as an "other paper" that permits removal, and (ii) that the matters admitted by Plaintiff in this case, by virtue of its failure to timely respond to Defendants' requests for admissions, establish the fraudulent

joinder of individual Defendants Watts and Riley. As explained below, the Court rejects both of these propositions.

■ The courts have recognized that discovery responses may qualify as "other paper[s]" that permit the removal of a case that was not initially removable. *See, e.g., Peters v. Lincoln Electric Co.*, 285 F.3d 456, 466 (6th Cir.2002) (plaintiff's responses to deposition questioning); *Haber v. Chrysler Corp.*, 958 F.Supp. 321, 326 (E.D.Mich.1997) (same); *Green v. A.W. Chesterton Co.*, 366 F.Supp.2d 149, 154 (D.Me.2005) (interrogatory responses); *Williamson v. Fleetwood Homes of Mississippi, Inc.*, 346 F.Supp.2d 851, 852 & n. 1 (N.D.Miss.2004) (response to request for admission); *Health Care Service Corp. v. TAP Pharmaceutical Products, Inc.*, 274 F.Supp.2d 807, 818 (E.D.Tex.2003) (same); *RBC Mortgage Co. v. Couch*, 274 F.Supp.2d 965, 968–69 (N.D.Ill.2003) (same). Even less formal writings, such as correspondence between counsel, have also been deemed to constitute "papers" that trigger a right of removal. *See, e.g., Addo v. Globe Life & Accident Insurance Co.*, 230 F.3d 759, 761–62 (5th Cir.2000); *Efford v. Milam*, 368 F.Supp.2d 380, 385–86 (E.D.Pa.2005).[2]

---

**1.** As noted in Plaintiff's motion, this belief seemingly was well-founded, as there is no apparent basis for concluding that the state-law tort claims asserted by Plaintiff could not be pursued against individuals as well as the company that employs them. *See, e.g., K Mart Corp. v. Knitjoy Mfg., Inc.*, 542 F.Supp. 1189, 1193 (E.D.Mich.1982).

**2.** In deciding what qualifies as a "paper" under § 1446(b), some courts—including courts within this District—have considered whether the document in question was the product of some "voluntary action[ ] of a plaintiff, rather than factors beyond a plaintiff's control." *Hollenbeck v. Burroughs Corp.*, 664 F.Supp. 280, 281 (E.D.Mich.1987) (holding that a Supreme Court decision in another case did not qualify as a "paper"); *see also Haber*, 958 F.Supp. at 326 (observing, in sup-

port of a ruling that the plaintiff's responses to deposition questioning qualified as a "paper," that "[d]eposition responses are no less voluntary than other written discovery responses"); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir.1996); *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 71–72 (7th Cir.1992). The statute itself, however, draws no distinction between papers that are attributable to the voluntary action of a plaintiff and those that are the product of factors beyond the plaintiff's control, and it does not appear that the Sixth Circuit has relied upon this "voluntary-involuntary" rule in any of its published decisions. *See Davis v. McCourt*, 226 F.3d 506, 510 n. 3 (6th Cir.2000) (noting the rule but deciding the case on other grounds). This Court need not decide what role, if any, this voluntary-involuntary distinction should play in an inquiry under § 1446(b), nor need it determine whether

Here, however, Defendants seek to rely on the *lack* of a "paper"—namely, Plaintiff's failure to respond to requests for admissions within the 28–day period set forth in Michigan Court Rule 2.312(B)(1). At the expiration of this 28–day deadline, the matters addressed in Defendants' requests were "deemed admitted," Michigan Court Rule 2.312(B)(1), unless and until Plaintiff filed, and the state court granted, a motion to withdraw or amend these admissions, *see* Michigan Court Rule 2.312(D)(1).[3] Thus, Defendants seek to rely on Plaintiff's *inaction,* and the effect of this inaction under the Michigan Court Rules, as the basis upon which they "first ... ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

As reflected by the dearth of authorities cited by the parties, and as confirmed by the Court's own research, there is very little case law on the precise question before this Court. In their notice of removal, Defendants cite the decision in *Bonnell v. Seaboard Air Line Railroad Co.,* 202 F.Supp. 53, 55 (N.D.Fla.1962), in which the court permitted removal on the basis of the plaintiff's failure to respond to a request to admit that the amount in controversy exceeded the sum necessary to support diversity jurisdiction (which was then $10,000).[4] This ruling rested upon notions of fairness, rather than any attempt to construe the "other paper" language of § 1446(b), with the court reasoning:

> Defendant need not wait until a case is ready for trial before using methods at his disposal to make the record clear that [the] jurisdictional amount is present. The method here employed by defendant was prompt and effective in pinpointing the issue.

*Bonnell,* 202 F.Supp. at 55–56;[5] *see also Wilbanks v. North American Coal Corp.,* 334 F.Supp.2d 921, 925–26 (S.D.Miss.2004) (discussing a prior unpublished decision in which the same court had held that the requisite amount in controversy for a diversity-based removal is established if a plaintiff either admits or fails or refuses to deny that he or she is seeking more than this amount).

---

Plaintiff's failure to timely respond to requests for admissions should be deemed "voluntary," in light of its conclusion that the removal of this case failed on another ground to comport with the dictates of § 1446(b).

3. Plaintiff states that it was preparing to file such a motion when Defendants removed the case to this Court. Following this removal, Plaintiff has been reluctant to file a similar motion with this Court pursuant to Fed. R.Civ.P. 36(b), in light of its contention that Defendants removed this action to this Court without a proper jurisdictional basis. Rather, Plaintiff maintains that the state court is the proper forum in which to determine whether it should be permitted to serve untimely responses to Defendants' requests for admissions.

4. Although Defendants identified this case in their notice of removal, they inexplicably fail to address this decision (or cite to any other relevant authorities) in their response to Plaintiff's motion for remand. In their defense, however, it should be noted that Plaintiff's motion and supporting brief fail to even touch upon the question whether admissions by virtue of a failure to timely respond to requests for admissions should or should not qualify as "papers" under § 1446(b).

5. Notably, before reaching this conclusion, the court first held that "mere correspondence between counsel for plaintiffs and defendant is not sufficient" to constitute "other paper[s]" under the statute. *Bonnell,* 202 F.Supp. at 55. In so ruling, the court elected to follow prior decisions in which the term "other paper" was restricted to materials that were filed with the state court or that otherwise had "their origin and existence by virtue of state court processes." 202 F.Supp. at 55. As observed earlier, other courts have rejected this narrow definition of a "paper." *See, e.g., Addo,* 230 F.3d at 761–62; *Efford,* 368 F.Supp.2d at 384–85; *Broderick v. Dellasandro,* 859 F.Supp. 176, 179 (E.D.Pa.1994).

■ This Court readily agrees that defendants should be encouraged to employ all available and efficient means of promptly ascertaining whether the prerequisites to removal are satisfied, and that requests for admissions are an appropriate device for doing so. The Court further acknowledges that plaintiffs should not be permitted to thwart or unduly delay a defendant's legitimate efforts to determine the removability of a case by either failing to provide timely discovery responses or artfully avoiding straightforward inquiries. Nonetheless, the Court is not at liberty to disregard the clear statutory command that a case that is not initially removable may become so upon "the *receipt by the defendant,* through service or otherwise, of a copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b) (emphasis added). Simply stated, Defendants' removal of this case was not based upon their "receipt" of a "paper" of any sort, but instead was triggered by their *failure* to receive timely responses to their requests for admissions. Although Plaintiff's inaction had a legal effect under Michigan law—namely, the matters addressed in Defendants' requests were deemed admitted—Defendants still cannot point to any "paper" that reflects these admissions. Yet, Defendants have not suggested any basis for this Court to either dispense with the statutory requirement of a "paper" or conclude that something in the record satisfies this requirement.

Under analogous circumstances, several courts have rejected the proposition that something other than the defendant's "receipt" of a "paper" may trigger the 30-day period for removal. In *Russell v. Home State County Mutual Insurance Co.,* 244 F.Supp.2d 669, 670–71 (E.D.La.2003), for example, the defendant cited as a ground for removal a letter sent by its attorney to the plaintiff's counsel, stating an intention to remove the case to federal court unless the plaintiff agreed by a particular date to execute an accompanying stipulation acknowledging that her recovery would not exceed $75,000. When the plaintiff and her attorney failed to respond to the letter or sign the stipulation by the specified date, the defendant removed the case to federal court a few days later. The district court granted the plaintiff's motion for remand, observing that it "could not find, and Defendant Home State failed to cite, any case in this Circuit where a Plaintiff's silence, inaction, or non-response converts a Defendant's unilateral correspondence into [an] 'other paper,' thereby starting the time period for removal." *Russell,* 244 F.Supp.2d at 672 (footnote omitted). The court further reasoned that "Plaintiff's failure to act or respond cannot have the effect of transforming defense counsel's letter into [an] 'other paper.' " 244 F.Supp.2d at 672.

Similarly, there is a line of decisions holding that oral notice does not commence the 30-day period for removal under § 1446(b). *See, e.g., S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 493–94 (5th Cir.1996); *Polk v. Sentry Insurance,* 129 F.Supp.2d 975, 979 (S.D.Miss.2000). In *Polk,* 129 F.Supp.2d at 979, for instance, the plaintiff asserted that the 30-day removal period under § 1446(b) began to run when defense counsel learned in settlement negotiations that the claims against the non-diverse defendants had been resolved, so that the case was then removable. The court held, however, that "[s]ection 1446(b) does not provide for oral notice," and that the statutory 30-day period commenced only when the defendant "received written notification that the action had become removable," as opposed to having merely "acquired ... knowledge" that the case was removable. *Polk,* 129 F.Supp.2d at 979; *see also S.W.S. Erectors,* 72 F.3d at 493–94 (holding that

defense counsel's "subjective knowledge" obtained in a telephone call with plaintiff's counsel did not qualify as an "other paper," even when the defense attorney memorialized this information in an affidavit); *Rodgers v. Northwestern Mutual Life Insurance Co.*, 952 F.Supp. 325, 328 (W.D.Va.1997) ("Even though a defendant may believe or have actual knowledge that the amount in controversy is sufficient to support removal to federal court, he must still wait until he has obtained written notice from the plaintiff as to the amount of damages sought."); *Broderick*, 859 F.Supp. at 178 (reasoning that "[t]he statutory requirement of a writing reduces disputes over knowledge of diversity or the amount in controversy and helps avoid later battles of credibility between opposing parties and lawyers").

██ This Court agrees with the decisions holding that the statutory requirement of "receipt" of a "paper" mandates some sort of written notice that a case has become removable, as opposed to a defen-

dant's mere acquisition of such knowledge through other means. Although the Court is reluctant to create an incentive for a plaintiff to disregard the deadline for responding to requests for admissions, the brute fact remains that this missed deadline does not manifest itself in any sort of "paper," the "receipt" of which would enable a defendant to "first ... ascertain" that a case "is or has become removable." 28 U.S.C. § 1446(b).[6] Moreover, while it is true that Defendants have employed a perfectly proper and appropriate procedural device for overcoming an initial barrier to the removal of this action, they have failed to suggest why they could not—or, indeed, cannot still, following the remand of this action—pursue a course of action that would produce the requisite "paper" within the meaning of § 1446(b).[7] In the end, then, Defendants simply have not persuaded the Court that their removal of this action rests upon their "receipt" of a "paper" as required under the federal removal statute.[8]

6. It should be noted that a party still has ample incentive to timely respond to requests for admissions. Whatever the impact upon the removability of a case to federal court, a plaintiff's failure to respond to requests for admissions, and the resulting admissions by operation of a state court rule, typically would pose a substantial threat to the success of the plaintiff's claims on the merits. In most cases, this presumably would be too high a price to pay to remain in state court.

7. Plaintiff suggests, for example, that Defendants could cite Plaintiff's admissions by operation of the Michigan Court Rules as a basis for seeking summary judgment in their favor on Plaintiff's claims against the individual Defendants. This Court, of course, expresses no view as to whether such a course of action would be appropriate or likely to succeed, nor whether, if successful, it would necessarily trigger a right of removal.

8. While this ruling rests upon the Court's interpretation of the plain language of § 1446(b), the result here also comports with

the longstanding principle that such enactments should be strictly construed against removal, as well as the salutary purposes that underlie this rule. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). As the Supreme Court has emphasized:

The power reserved to the states under the Constitution to provide for the determination of controversies in their courts, may be restricted only by the action of Congress in conformity to the Judiciary Articles of the Constitution. Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined.

*Shamrock Oil*, 313 U.S. at 108–09, 61 S.Ct. at 872 (internal quotation marks and citations omitted). Such considerations of federal/state comity fully support the remand of this case, so that the state court has the first opportunity to decide an issue of state court procedure—namely, whether Plaintiff should

■ Yet, even if the Court were to conclude that the reference to "other paper[s]" in § 1446(b) is broad enough to encompass the absence of a paper or the legal effect of a party's inaction, Defendants still would have to show that the matters admitted as a result of Plaintiff's inaction defeat each of the claims asserted by Plaintiff against non-diverse Defendants Watts and Riley.[9] As noted earlier, through their requests for admissions, served along with their answer to the complaint, Defendants sought Plaintiff's concession that it had "no admissible evidence in [its] possession, custody or control" to support certain of the complaint's allegations regarding disparaging statements purportedly made by Watts or Riley about Plaintiff's business. By operation of the Michigan Court Rules, then, Plaintiff is deemed to have admitted that it lacked "admissible evidence" in support of these allegations.

This is insufficient, in the Court's view, to establish that Defendants Riley and Watts have been fraudulently joined as parties, so that their Michigan citizenship may be disregarded for purposes of determining whether this case lies within the Court's diversity jurisdiction. All that can be said here, in light of Plaintiff's admissions, is that at the outset of this case and before the commencement of any discovery, Plaintiff was unable to identify any admissible evidence within its possession or control that would support certain of the complaint's allegations. Just as such a showing would not suffice to secure the dismissal of Plaintiff's claims under Fed. R.Civ.P. 12(b)(6) for failure to state a claim, see *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 512 (6th Cir.2001) (observing that in resolving such a motion, a court must "accept all of the complaint's factual allegations as true"), it cannot be said that Defendants have demonstrated the absence of a "colorable basis for predicting that [Plaintiff] may recover against [the] non-diverse defendants," particularly where "all disputed questions of fact" must be decided in Plaintiff's favor, *Coyne*, 183 F.3d at 493 (internal quotation marks and citations omitted). Even if, in light of its admissions, Plaintiff presently lacks admissible evidence in support of its claims against Defendants Watts and Riley, this in no way precludes the possibility that Plaintiff may *acquire* such evidence in the ordinary course of discovery. This possibility defeats Defendants' claim of fraudulent joinder.[10]

be relieved of the consequences of its failure to timely serve discovery responses in accordance with the Michigan Court Rules.

9. In addition, Plaintiff points out that Defendants would have to successfully oppose its promised motion, as authorized under both Michigan Court Rule 2.312(D)(1) and Fed. R.Civ.P. 36(b), to withdraw the admissions that resulted from its failure to timely respond to Defendants' requests, and to provide responses despite the expiration of the initial 28–day deadline. If Plaintiff were to persuade this Court to allow the withdrawal of its admissions, this would defeat the basis for Defendants' claim of fraudulent joinder and, presumably, necessitate the remand of this case to state court for lack of diversity jurisdiction. In light of the disposition of Plaintiff's motion on other grounds, the Court need not (and does not) express any view as to whether Plaintiff should be permitted to withdraw its admissions.

10. This same reasoning also defeats Defendants' alternative argument, as advanced in their response to Plaintiff's motion, that fraudulent joinder is established through Plaintiff's responses to the interrogatories that accompanied the requests for admissions. In these responses, Plaintiff stated that certain of the complaint's allegations rested upon information and belief, and that it would provide evidentiary support for these allegations "[a]s discovery progresses and more evidence … is uncovered." While Defendants make much of these "admissions" that Plaintiff lacked evidence in support of the complaint's allegations, the Court already has explained that such evidentiary support is not necessary to fend off a threshold motion to dismiss or a claim of fraudulent joinder.

## III. CONCLUSION

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's motion for remand is GRANTED.

Similarly, the Court rejects Defendants' attempt to challenge the viability of Plaintiff's claims by producing the affidavits of third parties who question certain of the complaint's allegations. Such a challenge is tantamount to a premature request for summary judgment, and has no bearing upon the pleading-based inquiry before this Court.